Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Plaintiff Metropolitan Woodworking, Inc. et al.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------- x

«
METROPOLITAN WOODWORKING, INC. ,
METROPOLITAN ARCHITECTURAL
WOODWORK, LLC., SPRINGFIELD OFFICE,
CORP.; SPRINGFIELD WOOD WORKSHOP,
CORP., CONSTRUCTION MACHINE DEVICES,
LLC., TRANSWORLD MATERIAL
RESOURCES,LLC, LONGBOW, LLC, DARKEN
INSTALLATIONS, LLC AND DARREN
COMMANDER, FRANCISCO SCAGLIA,
RALPH SPINELLI,

Plaintiffs,

- against -

SHAWN M. LATOURETTE IN HIS OFFICIAL
CAPACITY AS COMMISSIONER OF THE NEW
JERSEY DEPARTMENT OF ENVIRONMENTAL
PROTECTION; AND MATTHEW PLATKIN IN
HIS OFFICIAL CAPACITY AS ATTORNEY
GENERAL OF THE STATE OF NEW JERSEY;

Defendants.

Docket No. 2:24-cv-07483

---------------------------------------------------------------- x

**MEMORANDUM OF LAW OF PLAINTIFFS IN OPPOSITION TO  THE MOTION**

# Contents

Table of Authorities ........................................................................................................................ 3
1. Introduction .......................................................................................................................... 4
2. Factual and Procedural Background ................................................................................ 4
3. Legal Argument ................................................................................................................... 6
   Point 1 – The Statute of Limitations is not Applicable to this Matter ................................ 6
   Point II – The Defendants are not Entitled to Sovereign Immunity ................................... 8
   Point IV ................................................................................................................................ 10
       a.   NJDEP has conducted warrantless searches ............................................................ 10
       b.   Plaintiffs' Claims are Validly Directed at the Defendants ..................................... 10
   Point V ................................................................................................................................. 11
   Leave to Amend .................................................................................................................. 12
4. Conclusion ......................................................................................................................... 12

## Table of Authorities

**Cases**

*1st Westco Corp. v. Sch. Dist.*, 6 F.3d 108, 114 (3d Cir. 1993) ................................................... 10
*Cowell v. Palmer Twp.*, 263 F.3d 286, 293 (3d Cir. 2001) ............................................................ 7
*De La Fuente v. Cortes*, 751 F. App'x 269, 271 (3d Cir. 2018) ................................................... 11
*Ex Parte Young* 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908) ....................................... 8, 11
*Lara v. Comm'r Pa. State Police*, 91 F.4th 122, 139 n.25 (3d Cir. 2024) ..................................... 9
*Morrill v. Weaver*, 224 F. Supp. 2d 882, 892 (E.D. Pa. 2002) ..................................................... 11
*Peachlum v. City of York*, 333 F.3d 429, 431 (3d Cir. 2003) ........................................................ 8
*Rode v. Dellarciprete,* 845 F.2d 1195, 1208 (3rd Cir. 1988) ....................................................... 10

1. **Introduction**

The Defendants appear to have misunderstood the nature of the relief being sought by the Plaintiffs in this matter, and have thus made an entirely pointless attempt to dismiss the Complaint. Plaintiffs are seeking prospective relief in regard to NJDEP's continued refusal to obtain an appropriate warrant prior to conducting inspections of the Plaintiffs' business facility. As the Plaintiffs are actually at harm from a potential violation of their constitutional rights, this is matter is appropriate for determination by this Court, and the claims are in no way time barred.

2. **Factual and Procedural Background**

The Defendants are not incorrect in noting that this action arises from some longstanding violations of the Plaintiffs' constitutional rights by an out of control agency with certain individual inspectors who determined that they disliked the Plaintiffs. Yet, the reality is that despite years of state court administrative proceedings, which have yet to conclude, the Plaintiffs have never had an opportunity to challenge the imposition of substantial fines for asserting the Plaintiffs' constitutional rights to be free from unwarranted search and seizure in their business premises, and on behalf of the individual plaintiffs, in their personal effects.

The Defendants recitation explains that they assert the unlimited authority to conduct warrantless inspections of the Plaintiffs' business operations pursuant to certain New Jersey statutes and related regulations implemented by the New Jersey Department of Environmental Protection. The Defendants further admit that they have regularly demanded entry to the Plaintiffs' business facilities without a warrant, and when denied sought a warrant and then penalized certain of the business entity Plaintiffs and Darren Commander for their failure to permit warrantless inspections. That this has been occurring since 2010 does not change the fact that the Plaintiffs retain their constitutional rights.

The Complaint recites several attempted warrantless inspections, and subsequent inspections that were conducted subject to a warrant, but that resulted in substantial penalties to Plaintiffs Metropolitan and Commander for their refusal to waive their constitutional rights and to permit NJDEP and its inspectors Madan and King to conduct inspections. The latest administrative penalties have been subject to proceedings in the New Jersey Office of Administrative Law for over 7 years, and remain open and undetermined. Metropolitan and Commander moved to dismiss all charges related to the unconstitutional penalties for the 2016 and 2017 inspection refusals, but the Administrative Law Judge determined that it was beyond the scope of his authority. While the Plaintiffs originally expected to bring a challenge to the penalties in a State court challenge to any penalties ultimately upheld by the Administrative Law Judge, the endless nature of those proceedings has compelled the Plaintiffs to commence this action to obtain a determination of their rights.

Furthermore, as alleged in the Complaint, Madan, King and others have regularly returned to the Plaintiffs' business to conduct further inspections. On the most recent occasion, the Plaintiffs permitted the inspection to avoid further attempts to impose fines in the many hundreds of thousands of dollars. The Plaintiffs, seeking to be secure in their place of business, have a right to a determination that the State of New Jersey, the Department of Environmental Protection and its individual inspectors do not have the right to simply walk in any time they please to conduct any random inspection of the Premises. Further, as alleged in the Complaint, the Inspectors have used threats and intimidation against the Individual Plaintiffs and other employees in order to force compliance with their unconstitutional demands.

This action is to obtain a declaration that the Plaintiffs have the right to deny the NJDEP access to their premises without a valid judicial warrant issued upon proper probable cause in

5

accordance with the Fourth Amendment. As this is about prospective relief, the Statute of Limitations is not applicable as will be discussed, but in any event, the complaint contains a typographical error, and the most recent inspection was conducted in or about September 2021 and the results of that inspection were being discussed until well into 2023.

### 3. Legal Argument
### Point 1 – The Statute of Limitations is not Applicable to this Matter

The Defendants are assuming that this is an action seeking damages in regard to a past event. This is not accurate. As described above the Plaintiffs are seeking a determination that the State of New Jersey, acting through the individual defendants, is violating the Plaintiffs' civil rights by demanding warrantless inspections at will and penalizing the Plaintiffs for failure to comply. The threat of future inspections is the primary concern of the Plaintiffs in this action. Furthermore, to the extent that the Plaintiffs are seeking a determination as to the past penalties imposed by the Defendants, there is no doubt that the statute of limitations has not yet begun to run, as the amounts of the penalties are subject to a determination in the New Jersey Office of Administrative Law and ultimately by Defendant LaTourette in his capacity as Commissioner of the Department of Environmental Protection.

Notably, nothing in the Defendants' motion to dismiss indicates that the Defendants believe that they are no longer entitled to conduct warrantless inspections, or that there has been any change in the law since the last inspections occurred. The Defendants assert that the Plaintiffs are serial violators of the environmental laws (though in all of the years of dispute between the parties, few substantive environmental violations have been found and the charges are still pending in administrative proceedings) and that NJDEP has an important role in protecting the residents of New Jersey from the Plaintiffs' alleged environmental violations. There is no doubt that the Defendants intent to continue to enforce the unconstitutional law at their discretion in the future.

Furthermore, the parties continue to litigate the outcome of the 2016-2017 inspections in state administrative proceedings. Claims related to the ultimate determination of Mr. LaTourette in that matter have obviously not yet accrued, and may not even be ripe at this time, but NJDEP and the New Jersey Attorney General continue to litigate the matter in the New Jersey Office of Administrative Law, seeking substantial fines for Plaintiff Metropolitan and Commander's refusal to simply cede their constitutional rights. As noted above, the Complaint contains a typographical error as to the last inspection conducted formally by the NJDEP. It occurred in the Fall of 2021, and NJDEP submitted followup questions and determined the outcome of the inspection in or about February of 2023. As such, the Plaintiffs' claims related to that last inspection are timely, as they continued well into the limitations period. Even if the Court believes that a two year statute of limitations applies, the continuing violation doctrine would permit the Court to hear the claims in this case. "The focus of the continuing violations doctrine is on affirmative acts of the defendants." *Cowell v. Palmer Twp.*, 263 F.3d 286, 293 (3d Cir. 2001). The Defendants have continued to demand warrantless inspections, and the most recent example was only concluded within the statute of limitations. Similarly, the ongoing administrative proceeding is seeking to impose hundreds of thousands of dollars in fines on certain plaintiffs for their refusal to permit warrantless searches. Had the administrative proceedings been resolved in a timely manner, then the statute of limitations may well have run in regard to that action, but it has not been concluded.

To the extent necessary, Plaintiffs request the opportunity to file an amended complaint to delineate these exact dates.

The Plaintiffs challenge to the New Jersey statute and regulations permitting warrantless searches of their premises are ripe, as they have been utilized on numerous occasions in regard to the Plaintiffs in the past, and the State has made clear that it intends to continue to enforce them.

7

There is no doubt that in the event that the State of New Jersey again demanded a warrantless inspection, the Plaintiffs would have the right to come to this Court to challenge that threatened infringement of their rights. There is no reason why they should have to wait until the next time the State of New Jersey specifically knocks on their door and to risk additional fines and lengthy litigation in state administrative tribunals. The passage of years during which the parties have had their dispute pending in other administrative tribunals is not a bar to this action. *Peachlum v. City of York*, 333 F.3d 429, 431 (3d Cir. 2003) (finding a claim between a homeowner and municipality alleging First Amendment violations ripe for adjudication due to the dispute percolating over ten years). To the extent that the Court believes that each individual inspection is actionable on its own, and as such the continuing violation doctrine does not apply, then the Plaintiffs are entitled to prospective relief on future violations. Simply put, the Statute of Limitations cannot apply to an event that has not yet occurred, but are obviously being threatened.

**Point II – The Defendants are not Entitled to Sovereign Immunity**

The Defendants allege that despite being individual defendants that they are entitled to Eleventh Amendment Immunity. There is no dispute that the State of New Jersey and its departments are immune from suit. It is for this very reason that Plaintiffs have named the individual defendants, Mr. Platkin and Mr. Latourette in their official capacities. The relief sought in this action, injunctive relief, is available against both of these individuals under the holding of *Ex Parte Young* 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). Strangely, the Defendants fail to even mention *Ex Parte Young*, which is the touchstone of this sort of action. "A plaintiff can avoid that bar [11th Amendment] by naming a state official in a suit for prospective declaratory or injunctive relief to prevent a continuing violation of federal law. Cf. *Ex parte Young*, 209 U.S. 123, 157, 28 S. Ct. 441, 52 L. Ed. 714 (1908) (explaining that in bringing such an action, the

8

"officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party")." *Lara v. Comm'r Pa. State Police*, 91 F.4th 122, 139 n.25 (3d Cir. 2024).

Mr. LaTourette is the Commissioner of the Department of Environmental Protection, an injunction barring him from conducting warrantless searches of the Plaintiffs' premises would result in the cessation of such warrantless inspections. Furthermore, there is no doubt that NJDEP has sought warrantless inspections in the past, and has threatened to continue same throughout the last 15 years. As such, there is no doubt that injunctive relief against Mr. LaTourette is appropriate. Furthermore, there is no indication from the State's motion that they believe there is another individual employee of the State who is more appropriate than Mr. LaTourette.

Similarly, Mr. Platkin, in his role as Attorney General of the State of New Jersey is not only generally responsible for the enforcement of all laws in New Jersey, but acts as the attorney for the Department of Environmental Protection and guides the enforcement actions being conducted by NJDEP. The Office of Attorney General, through various deputy attorneys general, has advised the NJDEP, sought warrants, and conducted administrative litigation with the Plaintiffs. As such, an injunction directed at Mr. Platkin would result in a termination of conduct to support NJDEP's violations of the constitution. As such, both individuals are appropriate defendants. Plaintiffs are not seeking monetary damages (other than potential attorney's fees and costs of this action) against these Defendants. Originally, the Plaintiffs contemplated seeking monetary relief against other employees of NJDEP, specifically Mr. Madan, but ultimately determined to forego such an action at this time. As such, all of the Defendants' arguments relating to monetary relief are unnecessary. As such, Plaintiffs understand that this is the argument being made by Defendants in Point III and they do not disagree as to the Complaint as it stands.

9

**Point IV**

a. **NJDEP has conducted warrantless searches**

Aside from the numerous examples of threatening behavior delineated in the past, and the fact that NJDEP has regularly imposed substantial fines for forcing it to obtain a warrant, the complaint's allegations of numerous attempts by Madan to simply surveil the premises, the fact is that the NJDEP conducted a warrantless inspection in 2021. Plaintiffs consented to the inspection due to the ongoing threats of fines for non-compliance. Plaintiffs have changed their conduct due to the threats of unconstitutional fines, and as such their consent was simply under duress.

It is bizarre that the Defendants fail to account for their penalty regime related to the prior searches, and that they deny the existence of subsequent searches. They have the records of the most recent inspections, and as such are simply misleading the Court to pretend that they do not know when it occurred. In any event, if the Court requires additional detail as to the dates of each attempted and completed inspection, then the Plaintiffs request leave to file an amended complaint.

b. **Plaintiffs' Claims are Validly Directed at the Defendants**

As noted above, the Defendants are named pursuant to *Ex Parte Young* seeking to obtain injunctive relief to prevent the violation of the Plaintiffs' constitutional rights. "[A]lthough Ex Parte Young allows a party to be joined to a lawsuit based solely on his or her general obligation to uphold the law, it is appropriate only in cases in which there is a 'real, not ephemeral, likelihood or realistic potential that the connection will be employed against the plaintiff's interests.'" *1st Westco Corp. v. Sch. Dist.*, 6 F.3d 108, 114 (3d Cir. 1993) quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1208 (3rd Cir. 1988). In this case, there is no doubt that NJDEP is using its enforcement powers against the Plaintiffs, as it has done so on multiple prior occasions. Similarly, the NJDEP is supported by the Attorney General's office in conducting its unconstitutional activities.

Similarly, Courts in this circuit have upheld relief against high ranking state officials in similar cases. In *Morrill v. Weaver*, 224 F. Supp. 2d 882, 892 (E.D. Pa. 2002) the Court upheld relief against the Secretary of State of Pennsylvania and Attorney General as it noted that "the Secretary of State regulates elections and, in conjunction with the Commonwealth's Attorney General, regularly enforces the challenged election law to exclude candidates who have not submitted adequate Nomination Papers." The Third Circuit cited this case approvingly in *De La Fuente v. Cortes*, 751 F. App'x 269, 271 (3d Cir. 2018).

The Defendants failure to recognize that this action is governed by *Ex Parte Young* makes it complicated to understand what the underlying basis of their motion to dismiss actually is. As such, there is simply no reason given for why this action is not appropriate to challenge the unconstitutional application of a state statute by the primary officers charged with the enforcement of those statutes. The Plaintiffs are not seeking individual liability against either of the named government defendants at this time, as they have no basis to conclude that either one of them was involved in any known deprivation of their rights. They simply are seeking a declaratory judgment and injunctive relief as to their rights to be free from warrantless searches by NJDEP. As such, the claims are not barred by the cases cited by the Defendants.

**Point V**

Defendants' Point V is again dealing with potential monetary claims and qualified immunity. While it seems clear that both Defendants should be aware of the ample case law prohibiting warrantless administrative inspections and that the New Jersey statute and regulations at issue are clearly in violation of the Constitution. Yet, at this juncture, the Plaintiffs are not seeking personal liability or monetary damages and as such the Plaintiffs will not dispute this issue at this time.

**Leave to Amend**

While the Plaintiffs believe that the Complaint amply sets forth a cause of action as set forth above, the Plaintiffs recognize that there are certain errors in the original complaint that might make it less than clear as to the timeline of events and that the Plaintiffs are seeking injunctive relief only against the current defendants and therefore, the Plaintiffs seek leave to amend their complaint to the extent that the Court determines that it should grant the Defendants' motion.

4. **Conclusion**
For the reasons stated above, Plaintiffs request that the Court deny the motion to dismiss, and in the event that the Court grants the motion that the Court permit the Plaintiffs to amend the complaint to correct any deficiencies.

/s/ Avram E. Frisch_____
Avram E. Frisch