UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| METROPOLITAN WOODWORKING, INC. METROPOLITAN ARCHITECTURAL WOODWORK, LLC., SPRINGFIELD OFFICE, CORP. SPRINGFIELD WOOD WORKSHOP, CORP., CONSTRUCTION MACHINE DEVICES, LLC., TRANSWORLD MATERIAL RESOURCES, LLC., LONGBOW, LLC, DARKEN INSTALLATIONS, LLC AND DARREN COMMANDER, FRANCISCO SCAGLIA, RALPH SPINELLI, <br><br>            Plaintiffs, <br><br>    v. <br><br> SHAWN M. LATOURETTE IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; AND MATTHEW PLATKIN IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, <br><br>            Defendants. | **Civil Action** <br><br> HON. CLAIRE C. CECCHI, U.S.D.J. <br><br> Civil Action No. 24-07483 |

REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(B)(1) AND FED. R. CIV. P. 12(B)(6)

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 093
Trenton, New Jersey 08625
(609) 633-8713     (Phone)
PAIGE.HENSOR@LAW.NJOAG.GOV

PAIGE A. HENSOR
Deputy Attorney General
    On the Brief

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT .........................................................................................................1

POINT 1
   THE STATUTE OF LIMITATIONS IS APPLICABLE AND HAS PASSED, AND THUS PLAINTIFFS' CLAIMS SHOULD BE DISMISSED.......................1

POINT 2
   *EX PARTE YOUNG* DOES NOT ALLOW PLAINTIFFS TO AVOID THE ELEVENTH AMENDMENT'S BAR TO THIS SUIT AS THERE IS NO ONGOING VIOLATION OF FEDERAL LAW ....................................................4

POINT 3
   PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND THEIR COMPLAINT ........................................................................................................6

CONCLUSION .......................................................................................................7


# **TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*
  556 U.S. 662, 678 (2009) ................................................................................. 2

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544, 555 (2007) ................................................................................. 1

*Cowell v. Palmer Twp.*
  263 F.3d 286, 292 (3d Cir. 2001) ................................................................ 3, 7

*Ex Parte Young*
  209 U.S. 123 (1908) ................................................................................ 4, 5, 6

*Maio v. Aetna, Inc.*
  221 F.3d 472 (3d Cir. 2000) ............................................................................ 7

*U.S. v. Biswell*
  406 U.S. 311 (1972) ........................................................................................ 6

*Verizon Md., Inc. v. Public Serv. Comm'n of Md.*
  535 U.S. 635, 645 (2002) ................................................................................. 5

**OTHER AUTHORITIES**

Eleventh Amendment .......................................................................................... 4, 5

Fed. R. Civ. P. 12(b)(1) ........................................................................................... 7

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 7

Fed. R. Civ. P. 15(a) ................................................................................................ 6

Fourth Amendment .................................................................................................. 6

# ARGUMENT

## POINT I

### THE STATUTE OF LIMITATIONS IS APPLICABLE AND HAS PASSED, AND THUS PLAINTIFFS' CLAIMS SHOULD BE DISMISSED

The Plaintiffs have failed to demonstrate why the statute of limitations is inapplicable to this matter, misrepresenting the Defendants' argument in the process. Plaintiffs' complaint should be dismissed because, despite Plaintiffs claims to the contrary, it is barred by the statute of limitations and there are no continuing violations. Plaintiffs try to massage the facts in their response brief to distract the Court's attention from what was stated in the complaint: namely, that the Department's last attempted inspection occurred more than two years before Plaintiffs' filing and as such the limitations period has expired.

The last date included in Plaintiffs' complaint on which the Department allegedly conducted a warrantless search is "December __, 2018." CM/ECF #1 ¶ 55. Plaintiffs then vaguely reference supposed additional attempts at warrantless searches in the following paragraph, stating "[i]n the subsequent years, Madan and other inspectors have visited the Cornell Parkway site." CM/ECF #1 ¶ 56. The Supreme Court has been clear that complaints must be pled with specificity. Crucially, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation

1

omitted). Indeed, only complaints that state plausible claims for relief should survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs cannot plausibly claim that "December __, 2018" is actually a typographical error that should have stated "Fall of 2021." Furthermore, even if the Plaintiffs' complaint *had* said that the last inspection by the Department occurred in the Fall of 2021, that would *still* be outside of the two-year statute of limitations, as Plaintiffs filed their complaint on July 1, 2024, over two-and-a-half years later. Trying to include "followup questions" and "determining in the outcome of the inspection" as part of the inspection, when those are clearly distinct, post-inspection activities, is misleading and distracts from the simple fact that Plaintiffs themselves allege that the last inspection occurred outside of the two-year statute of limitations.

Furthermore, there is no continuing violation here. Courts are supposed to consider at least three factors when determining whether Defendants' conduct is more than isolated or sporadic acts:

> (1) subject matter—whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency—whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence—whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether

2

>> the consequences of the act would continue even in the absence of a continuing intent to discriminate.
>
> [*Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)]

While here, the subject matter is the same (in that the Department's inspections have all focused on the Plaintiffs' violations of New Jersey's environmental laws), they are neither frequent nor permanent. A continuing violation means continual unlawful acts, not continual ill effects that arise from an original violation. *Id.* at 293.

Plaintiffs, at best, only allege continual ill effects, i.e. "the ongoing administrative proceeding" that is currently being heard in the New Jersey Office of Administrative Law. These events are certainly not frequent; Plaintiffs allege in their complaint that the Department's inspectors attempted a warrantless search in 2009, 2016, 2017, and 2018. CM/ECF #1 ¶¶ 10, 31, 38, 52, 55. Plaintiffs also allege two searches that were conducted pursuant to a warrant in 2010 and 2016. CM/ECF #1 ¶¶ 29, 37-38. While the Court should not consider Plaintiffs assertion in their response brief that an additional attempted search occurred in Fall of 2021, even that is hardly frequent; five alleged attempted warrantless searches in 12 years clearly describes a series of isolated incidents, not reoccurring acts.

The third factor requires courts to consider whether the Defendants' "acts had a 'degree of permanence' which should trigger the plaintiff's awareness of and duty to assert his/her rights." *Cowell*, 264 F.3d at 295. As the Third Circuit noted, "the continuing violations doctrine should not provide a means for relieving plaintiffs

3

from their duty to exercise reasonable diligence in pursuing their claims." *Ibid.* Plaintiffs were well aware of the alleged warrantless searches and could have responded to them in a timely fashion; if Plaintiffs are right that these searches were unconstitutional, they were on notice of them as soon as they happened. Limitations periods are intended to make sure that plaintiffs do not sleep on their rights; it is inarguable that Plaintiffs slept on their rights in this matter.

These factors all weigh against applying the continuing violations doctrine, despite Plaintiffs claims. As this complaint was brought more than two years after the statute of limitations, and as the continuing violations doctrine does not apply, Plaintiffs complaint should be dismissed.

## POINT II

### *EX PARTE YOUNG* DOES NOT ALLOW PLAINTIFFS TO AVOID THE ELEVENTH AMENDMENT'S BAR TO THIS SUIT AS THERE IS NO ONGOING VIOLATION OF FEDERAL LAW

The Eleventh Amendment normally grants immunity to the State from lawsuits in which parties are seeking equitable relief or monetary damages without the State's consent. The Supreme Court outlined a way for parties to avoid that Eleventh Amendment immunity in *Ex Parte Young*, 209 U.S. 123 (1908), explaining that parties can sue state officials, such as the Attorney General or Commissioner, to enjoin them from violating federal law. *Ex Parte Young* analysis is straightforward: a party can avoid the Eleventh Amendment's bar to suit the

complaint alleges an *ongoing violation* of federal law and seeks prospective (injunctive) relief. *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (emphasis added). Crucially, that straightforward inquiry fails here as there is no ongoing violation of federal law. Furthermore, despite claiming in their reply brief that they are not requesting monetary damages from Defendants, Plaintiffs' very first prayer for relief is "[a]warding Plaintiffs actual damages, in an amount to be determined at trial." CM/ECF #1 ¶ A.

First, none of the alleged violations are ongoing. The last allegation that Plaintiffs plead with specificity in their complaint occurred in 2018, nearly six years before the complaint was filed. CM/ECF #1 ¶ 55. Even if this Court were to consider Plaintiffs' claim in their brief that it meant to write Fall of 2021, that was still nearly three years prior to the filing of this complaint. As noted above, these alleged violations occurred outside the statute of limitations, and as a result should not be considered ongoing for purposes of *Ex Parte Young* analysis.

Not only are the alleged violations not ongoing, but they are also not violations of federal law. Despite Plaintiffs' contention that the Department "claims an unlimited right to enter the properties of New Jersey business[es] and residents to enforce the environmental laws," CM/ECF #1 ¶ 69, that is untrue. New Jersey law only permits warrantless searches of pervasively regulated industries in accordance with federal law. It is well-recognized that the Fourth Amendment's bar on

5

warrantless searches or seizures has a limited exception for pervasively regulated industries. First fully enunciated in *U.S. v. Biswell*, 406 U.S. 311 (1972), the Supreme Court has long recognized that certain pervasively regulated industries may be subject to warrantless searches authorized by statute. While the current view of this exception is narrower than it was in 1972, it remains true that pervasively regulated businesses, such as those that use hazardous chemicals like Metropolitan, can be subject to statutorily-authorized warrantless searches. Furthermore, as explained in Defendants' motion, no warrantless searches were conducted, nor does Plaintiffs' complaint allege that Defendants ever did so; all searches were conducted either with Plaintiffs' permission, or pursuant to a validly issued warrant.

As there is no ongoing violation, nor a violation at all, of federal law, *Ex Parte Young* does not allow Plaintiffs to overcome the sovereign immunity. Plaintiffs complaint should thus be dismissed.

## POINT III

### PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND THEIR COMPLAINT

Fed. R. Civ. P. 15(a) states that courts should freely grant leave whenever justice so requires. The Third Circuit has recognized, though, that a party's request for leave to amend its complaint should be denied when amending the complaint would be futile. *Cowell*, 263 F.3d at 296 (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 500-01 n.19 (3d Cir. 2000)). In *Maio*, the appellants had requested leave to amend

in the event that the 3rd Circuit affirmed the motion to dismiss on grounds of a lack of factual specificity or some other curable defect. The 3rd Circuit rejected that argument, stating that it would not be possible for the complaint to be amended in such a way as to overcome the motion to dismiss. *Maio*, 221 F.3d at 500-01 n.19.

This Court should reject Plaintiffs' request for the same reason. It would clearly be futile for Plaintiffs to amend their complaint as no amendment would allow it to survive Defendants' motion to dismiss. Plaintiffs allege in their response brief that the Department conducted a warrantless search in Fall of 2021. As explained above, however, this still falls outside of the statute of limitations. Including this fact would still not allow their complaint to survive Defendants' motion to dismiss, making the proposed amendment futile. As such, Plaintiffs should not be granted leave to amend their complaint.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) be granted and all claims against the Defendants be dismissed with prejudice.

        Respectfully submitted,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY


        By:    /s/ Paige A. Hensor
                 Paige A. Hensor
                 Deputy Attorney General


Dated:       October 28, 2024