**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| METROPOLITAN WOODWORKING, INC. et al, | Civil Action No.: 2:24-07483 |
| Plaintiffs, | |
| v. | **Opinion & Order** |
| LATOURETTE et al, | |
| Defendants. | |

**CECCHI, District Judge.**

Currently before this court is the motion of defendants New Jersey Department of Environmental Protection ("DEP") Commissioner Shawn M. LaTourette ("Commissioner") and New Jersey Attorney General Matthew J. Platkin ("Attorney General") (collectively, "Defendants") to dismiss (ECF No. 6, "MTD") Plaintiffs'[1] complaint (ECF No. 1, "Complaint"). Plaintiffs opposed the motion (ECF No. 14, "Pl. Opp.") and Defendants replied (ECF No. 16, "Def. Reply"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion is **GRANTED.**

**WHEREAS** this action arises out of a dispute between Metropolitan, a woodworking business, and the DEP. Complaint ¶¶ 5, 10. The DEP is responsible for ensuring that hazardous substances are safely used and disposed of, and their inspectors inspect facilities like Metropolitan's to ensure compliance with environmental laws. *Id.* ¶¶ 58-59. However, plaintiffs Darren Commander and Metropolitan have repeatedly refused DEP access, demanding search

---

[1]    "Plaintiffs" collectively refers to plaintiffs Metropolitan Woodworking, Inc. ("Metropolitan"), Francisco Scaglia, Ralph Spinelli, Carol Patino, Darren Commander, Springfield Office, Corp., Springfield Wood Workshop, Corp., Construction Machine Devices, LLC, Transworld Material Resources LLC, Longbow, LLC, and Darken Installations, LLC.

warrants instead. *Id.* ¶¶ 21-27, 33, 51-52. After DEP obtained warrants and inspected the facility,

it was found that Metropolitan was violating multiple environmental regulations, including those

related to waste management, air pollution, and water pollution. *Id.* ¶¶ 29, 36-38, 42, 53. As a

result, Metropolitan and Commander were charged with violations of state laws. *Id.* ¶ 42.

**WHEREAS** Plaintiffs' Complaint asserts a 42 U.S.C. Section 1983 cause of action, ECF

No. 1-1, and alleges that pursuant to the search and seizure provisions of the U.S. Constitution and

the New Jersey Constitution, DEP cannot perform warrantless inspections. *See* Complaint ¶¶ 62,

71-72. Plaintiffs now seek unspecified damages for previous inspections as well as a declaratory

judgment and injunctive relief to prevent future inspections. *Id.* at 12.

**WHEREAS** Defendants assert that Plaintiffs' Complaint should be dismissed for several

reasons, including because Plaintiffs filed it beyond the applicable statute of limitations. MTD at

2, 7-9. Federal courts look to state law to determine the limitations period for Section 1983 actions.

*See Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). Civil rights or constitutional tort claims are

best characterized as personal injury actions and are governed by the applicable state's statute of

limitations for personal injury actions. *See id*.; *Wilson v. Garcia*, 471 U.S. 261, 280 (1985).

Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann.,

§ 2A:14–2, governs Plaintiff's claim. *See Sung v. New Jersey*, 2019 WL 5061277, at *3 (D.N.J.

Oct. 9, 2019) ("The applicable statute of limitations for Section 1983 claims in New Jersey is two

years."). Even assuming, *arguendo*, that the relevant alleged violation here is actually trespass, the

statute of limitations under the New Jersey Tort Claims Act is still two years. N.J. Stat. Ann. §

59:8-8(b).

**WHEREAS** the statute of limitations is an affirmative defense that the defendants

generally must plead and prove. *See Bethel v. Jendoco Constr. Corp*., 570 F.2d 1168, 1174 (3d

Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). Although a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir.2002), the Supreme Court observed in *Jones v. Bock*, that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." 549 U.S. 199, 215 (2007); *see also Diodato v. Connecticut Gen. Life Ins. Co.*, 2009 WL 3756678, at *2 (D.N.J. Nov. 6, 2009) ("A complaint barred by the statute of limitations is subject to dismissal under Rule 12(b)(6)").

**WHEREAS** here, Plaintiffs plainly allege that the latest of the complained of inspections occurred on "December ___, 2018." Complaint ¶ 55. Even assuming that this inspection occurred at the latest possible date—December 31, 2018—Plaintiffs would have needed to bring this action within two years of that date, or before December 31, 2020. Plaintiffs instead waited until July 1, 2024—over three years beyond the statute of limitations period—to file the Complaint.

**WHEREAS** the Court notes that Plaintiffs now argue that there were additional inspections in September 2021 and that this inspection was not included in the Complaint due to a typographical error. Pl. Opp at 5-6. The Court cannot consider these allegations because Plaintiffs' Complaint "may not be amended by the briefs in opposition to a motion to dismiss." *Dickerson v. N.J. Inst. of Tech.*, No. 19-8344, 2019 WL 6032378, at *6 n.4 (D.N.J. Nov. 14, 2019) (citations omitted). Regardless, even if the most recent inspection had occurred in September 2021, this action would still be untimely because Plaintiffs would have filed the Complaint almost a year beyond the statute of limitations period. That being said, as requested by Plaintiffs, Pl. Opp at 7, the Court will allow Plaintiffs to file an amended complaint to address the deficiencies discussed in this Opinion.

**WHEREAS** Plaintiffs also now appear to argue that the alleged conduct is a continuing violation that should toll the statute of limitations. *See* Pl. Opp. at 6-7. However, the assertions regarding the alleged DEP inspections that followed the most recent contested inspection are too vague for the Court to determine whether a continuing violation exists. Specifically, the Complaint only alleges that "[i]n the subsequent years [after the December 2018 inspection], Madan and other inspectors have visited the Cornell Parkway site." Complaint ¶ 56. It is unclear whether these visits are asserted to have been part of the alleged violations. In fact, the Complaint acknowledges that "Plaintiffs have permitted warrantless searches in recent years." *Id* ¶ 57. As such, the latest contested search with a date alleged in the Complaint appears to be the "December ___, 2018" inspection. *Id.* ¶ 55. Accordingly, this action is barred by the two-year statute of limitations.

Accordingly, **IT IS** on this 18th day of March, 2025,

**ORDERED THAT:**

1. Defendants' motion to dismiss (ECF No. 6) is **GRANTED**.

2. This case is **DISMISSED** for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

3. Plaintiffs are granted thirty (30) days from the date of this order to file an amended complaint to attempt to correct the deficiencies identified herein. Insofar as Plaintiffs submit an amended complaint, they shall also provide a form of the amended complaint that indicates in what respect it differs from the original complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2).

4. The Clerk of Court is directed to **CLOSE** the file in this matter.

**SO ORDERED.**

/s/ Claire C. Cecchi

**CLAIRE C. CECCHI, U.S.D.J.**