# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| METROPOLITAN WOODWORKING, INC. METROPOLITAN ARCHITECTURAL WOODWORK, LLC., SPRINGFIELD OFFICE, CORP. SPRINGFIELD WOOD WORKSHIP, CORP., CONSTRUCTION MACHINE DEVICES, LLC., AND DARREN COMMANDER, | **Civil Action** <br><br> HON. CLAIRE C. CECCHI, U.S.D.J. <br><br> Civil Action No. 24-07483 |
| Plaintiffs, | |
| v. | |
| SHAWN M. LATOURETTE IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; AND MATTHEW PLATKIN IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, PETER MADAN | |
| Defendants. | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(B)(1) AND FED. R. CIV. P. 12(B)(6)

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 093
Trenton, New Jersey 08625
(609) 633-8713       (Phone)
PAIGE.HENSOR@LAW.NJOAG.GOV

PAIGE A. HENSOR
Deputy Attorney General
    On the Brief

# <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

PRELIMINARY STATEMENT ..............................................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS ...............................3

ARGUMENT .......................................................................................................9

POINT I

PLAINTIFFS' CLAIMS SHOULD BE DISMISSED WITH PREJUDICE
BECAUSE THEY WERE FILED BEYOND THE APPLICABLE STATUTE
OF LIMITATIONS.................................................................................................9

POINT II

PLAINTIFFS' FEDERAL CLAIMS AGAINST THE STATE
DEFENDANTS SHOULD BE DISMISSED BECAUSE DEFENDANTS
ARE ENTITLED TO SOVEREIGN IMMUNITY PURSUANT TO THE
ELEVENTH AMENDMENT.................................................................................12

POINT III

DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY .......................16

POINT IV

DEFENDANTS LATOURETTE AND PLATKIN IN THEIR OFFICIAL
CAPACITIES ARE NOT "PERSONS" SUBJECT TO SUIT UNDER §1983
AND THE NJCRA.................................................................................................19

POINT V

PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................20

    A. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE
      DEP NEVER CONDUCTED A WARRANTLESS SEARCH AND,

EVEN IF DEP HAD, DEP HAS THE LEGAL RIGHT TO INSPECT
REGULATED FACILITIES ........................................................................21

B. PLAINTIFFS' CLAIMS AGAINST DEFENDANTS PLATKIN AND
LATOURETTE SHOULD BE DISMISSED BECAUSE LIABILITY
CANNOT BE PREDICATED SOLELY ON THE OPERATION OF
RESPONDEAT SUPERIOR ........................................................................22

C. PLAINTIFFS'   CLAIMS   AGAINST   DEFENDANT   MADAN
SHOULD   BE   DISMISSED   BECAUSE   MADAN   IS   NOT   A
GOVERNMENT AGENT ...........................................................................24

POINT VI

DEP CANNOT CONTROL THE DELAY IN JUDICIAL PROCESS .................28

CONCLUSION ..........................................................................................29

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alden v. Maine*,
   527 *U.S.* 706..............................................................................................13

*AlexSam, Inc. V. Aetna, Inc.*,
   119 F.4th 27 (Fed. Cir. 2024) ..................................................................25

*Anderson v. Creighton*,
   483 U.S. 635 (1987).............................................................................16, 17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................21, 23, 25, 26

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................20

*Benn v. First Judicial Dist of Pa.*,
   426 *F.3d* 233. (3d Cir. 2005) ...................................................................14

*Blanciak v. Allegheny Ludlum Corp.*,
   77 F.3d 690 ...............................................................................................19

*Bowers v. Nat'l Collegiate Athletic Ass'n*,
   475 *F.3d* 524 (3d Cir. 2007) ..............................................................13, 14

*Brown v. Matauszak*,
   415 Fed. Appx. 608 (6th Cir.2011)..........................................................25

*Citta v. Borough of Seaside Park*,
   Civ. No. 09865 FLW, 2010 WL 3862561 (D.N.J. Sept. 27, 2010).....................9

*Cook v. George's, Inc.*,
   952 F.3d 935 (8th Cir. 2020) ...................................................................24

*Cooper v. Southeastern Penna. Transp. Auth.*,
   548 *F.3d* 296. (3d Cir. 2008) ............................................................13, 14

*Crawford-El v. Britton*,
   523 U.S. 574 (1998)..................................................................................16

*Davidson v. O'Lone*,
   752 F.2d 817 (3d Cir. 1984) (en banc), *aff'd sub nom. Davidson v.
   Cannon*, 474 U.S. 344 (1986)................................................................23

*Disabled in Action of Pa. v. Se. Pa. Trans. Auth.*,
   539 F.3d 199 (3d Cir. 2008) ...............................................................10

*Disque v. New Jersey State Police*,
   603 F.3d 181 (3d Cir. 2009) (section 1983) ........................................9

*Doe v. Simpson*,
   No. C-1-08-255, 2009 U.S. Dist. LEXIS 74847, 2009 WL 2591682
   (S.D. Ohio Aug. 19, 2009)..............................................................25, 26

*Evancho v. Fisher*,
   423 F.3d 347 (3d Cir. 2005) ...........................................................23, 24

*Fed. Maritime Comm'n v. S.C. State Ports Auth.*,
   535 *U.S.* 743..........................................................................................13

*Fitchik v. N.J. Transit Rail Operations, Inc.*,
   873 *F.2d* 655 (3d Cir.) (en banc), *cert. denied*, 493 *U.S.* 850 (1989) ....13, 14, 15

*Fla. Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*,
   527 *U.S.* 627 (1999)..............................................................................12

*Gould Elecs., Inc. v. United States*,
   220 F.3d 169 (3d Cir. 2000) .................................................................9

*Harlow v. Fitzgerald*,
   457 U.S. 800 ........................................................................................16

*Hunter v. Bryant*,
   502 U.S. 224 (1991)..............................................................................17

*Ingram v. Ark. Dep't of Corr.*,
   91 F.4th 924 (8th Cir. 2024) ...............................................................25

*Kentucky v. Graham*,
   473 *U.S.* 159 (1985)..............................................................................13

*Kost v. Kozakiewicz*,
   1 F.3d 176 (3d Cir. 1993) .....................................................................20

*Kriss v. Fayette Cty.*,
   827 F. Supp. 2d 477 (W.D. Pa. 2011) aff'd, 504 F. App'x 182 (3d
   Cir. 2012) ......................................................................................10

*Large v. County of Montgomery*,
   307 F. App'x 606 (3d Cir. 2009) ...................................................10

*Lopez-Siguenza v. Roddy*,
   2014 U.S. Dist LEXIS 43238 (D.N.J. March 31, 2014) ..................20

*Malley v. Briggs*,
   475 U.S. 335 (1986)........................................................................16

*McCauley v. University of the Virgin Islands*,
   618 *F.3d* 232 (3d Cir. 2010) ...........................................................14

*Mitchell v. Forsyth*,
   472 U.S. 511 (1985)........................................................................16

*Morse v. Lower Merion Sch. Dist.*,
   132 F.3d 902 (3d Cir. 1997) ...........................................................20

*Packard v. Provident Nat'l Bank*,
   994 F.2d 1039 (3d Cir. 1993) ...........................................................9

*Palma v. Atlantic County*,
   53 F. Supp. 2d 743 (D.N.J. 1999)....................................................17

*Pennhurst State School and Hospital v. Halderman*,
   465 *U.S.* 89 (1984)..........................................................................12

*Podobnik v. U.S. Postal Serv.*,
   409 F.3d 584 (3d Cir. 2005) ...........................................................10

*Ramos v. Flowers*,
   429 *N.J. Super.* 13 (App. Div. 2012).................................................19

*Regents of the Univ. of California v. Doe*,
   519 *U.S.* 425 (1997)........................................................................14

*Sameric Corp. of Delaware, Inc. v. City of Philadelphia*,
   142 F.3d 582 (3d Cir. 1988) .......................................................9, 10

*Santiago v. Warminster Twp.*,
  629 F.3d 121 (3d Cir. 2010) ...............................................................24

*Seminole Tribe of Florida v. Florida*,
  517 *U.S.* 44 (1996)...............................................................................12

*United States v. Ford*,
  765 F.2d 1088 (11th Cir. 1985) ...........................................................27

*United States v. Perez*,
  844 F. App'x 113 (11th Cir. 2021).......................................................27

*United States v. Steiger*,
  318 F.3d 1039 (11th Cir. 2003) ...........................................................26

*Will v. Michigan Dep't of State Police*,
  491 *U.S.* 58 (1989)...............................................................................19

*Williams v. Borough of West Chester*,
  891 F.2d 458 (3d Cir. 1989) ................................................................23

**Statutes**

42 U.S.C. § 1983 .................................... 2, 3, 9, 10, 17, 19, 20, 23, 26, 28

N.J. Stat. Ann. §§ 10:6-1 to -2 .....................................................2, 9, 19

N.J. Stat. Ann. § 10A-1 ........................................................................15

N.J. Stat. Ann. § 13:1D-1 .....................................................................15

N.J. Stat. Ann. § 13:1D-9.......................................................................4

N.J. Stat. Ann. § 13:1D-9(d).................................................................18

N.J. Stat. Ann. § 13:1D-9d......................................................................6

N.J. Stat. Ann. § 13:1E-48.20.................................................................4

N.J. Stat. Ann. § 26:1A-2......................................................................15

N.J. Stat. Ann. § 26:2C-9.1.............................................................4, 5, 18

N.J. Stat. Ann. § 58:10A-6(g)................................................................4

N.J. Stat. Ann. § 59:8-8(b) ................................................................10

New Jersey Civil Rights Act, N.J ........................................................9

New Jersey Tort Claims Act ..............................................................10

NJCRA ........................................................................10, 19, 20

Solid Waste Management Act, N.J. Stat. Ann. § 13:1E-1 to -230 ..........................2

Solid Waste Utility Control Act, N.J. Stat. Ann. § 48:13A-1 to-13 ........................4

Spill Compensation and Control Act, N.J. Stat. Ann. § 58:10-23.11 to -23.11z ..........................................................................4

SWMA ........................................................................4, 5, 6, 18

Tort Claims Act, N.J. Stat. Ann. § 59:10-1 ...........................................15

Water Pollution Control Act, N.J. Stat. Ann. § 58:10A-1 to -73 ...........................2

WPCA ........................................................................4, 5, 6, 18

**Codes**

N.J. Admin. Code § 7:1-1.3. *Benn,* 426 F.3d at 240-41 .........................................15

N.J. Admin. Code § 7:14A-2.11(e) ....................................................4, 18

N.J. Admin. Code § 7:26G-2.7 ..........................................................4

N.J. Admin. Code § 7:26G-2.7(a) § 26:2C-1 ...........................................18

N.J. Admin. Code § 7:27-1.31 ...........................................................4

**Other Authorities**

Fourth Amendment ...........................................................2, 17, 26, 27

ELEVENTH AMENDMENT ...........................................................12, 13, 15

Fed. R. Civ. P. 8 .........................................................................23

FED. R. CIV. P. 12(B)(1) ...........................................................8, 9

FED R. CIV. P. 12(B)(6) ..........................................................................8, 20

New Jersey Constitution ..............................................................................7, 8

*U.S. Const. Amend. XI*...............................................................................12

U.S. Constitution..........................................................................................7, 8

## PRELIMINARY STATEMENT

Plaintiff Metropolitan Woodworking, Inc. ("Metropolitan"), is an architectural woodworking business that manufactures products for commercial and residential customers. Metropolitan uses, stores, and disposes of hazardous substances such as paint, sprays, and solvents that can harm public health and the environment if not used in a safe manner. The New Jersey Department of Environmental Protection ("DEP") serves to protect the public health, safety, and environment of the State of New Jersey and its citizens. DEP's inspectors further this mission by inspecting facilities such as Metropolitan to ensure that hazardous substances are used, stored, and disposed of in a safe and legal manner. Plaintiffs Darren Commander ("Commander") and Metropolitan have routinely attempted to prevent DEP from carrying out its statutory mandate of protecting the public health and the environment on numerous occasions by refusing to allow DEP's employees access to inspect Metropolitan's facility. Instead of complying with DEP's statutes and regulations that give DEP inspectors a clear legal right to inspect Metropolitan, Commander demanded DEP's inspectors obtain search warrants, which DEP did on two separate occasions. Commander's reason for impeding DEP became clear once the inspectors obtained access to his business; following their inspections DEP determined Plaintiffs were in violation of several State statutes and regulations, putting the public health and environment at risk. As a result, Plaintiffs were

1

properly charged with violations of the Solid Waste Management Act, N.J. Stat. Ann. § 13:1E-1 to -230 ("SWMA"); the Air Pollution Control Act, N.J. Stat. Ann. § 26:2C-1 to -57 ("APCA"); and the Water Pollution Control Act, N.J. Stat. Ann. § 58:10A-1 to -73 ("WPCA").

Plaintiffs' amended complaint which contains allegations against two state officials, one former state official, and seeks a declaratory judgment and injunctive relief preventing DEP from conducting lawful inspections, should be dismissed for multiple reasons. First, Plaintiffs' complaint is outside of the statute of limitations and thus untimely. Second, Plaintiff's claims against Mr. Madan should be dismissed because the pleaded facts do not establish that Mr. Madan, as a private person, conducted a search as an instrument or agent of the government, therefore violating the Plaintiff's Fourth Amendment rights. Third, Plaintiff's claims against DEP Commissioner Shawn M. LaTourette ("Commissioner") and New Jersey Attorney General Matthew J. Platkin ("Attorney General") (collectively, "State Defendants") should be dismissed because the pleaded facts establish the State Defendants both are being sued in their official capacity, which entitles them to sovereign immunity. Fourth, Plaintiff's claims should be dismissed because the Commissioner and the AG, in their official capacities, are not "persons" amenable to suit under either 42 U.S.C. § 1983 or N.J. Stat. Ann. §§ 10:6-1 to -2. Fifth, Plaintiffs' claims should be dismissed for failing to state a claim upon which relief can be granted because: (1)

Plaintiffs do not, in fact, allege that DEP at any point in time actually inspected the facility without a warrant or consent; and (2) respondeat superior alone is insufficient to support a finding of liability under § 1983. Finally, even if the State Defendants had been sued in their individual capacity, they would be entitled to qualified immunity.

For all these reasons, the Court should dismiss Plaintiffs' Complaint with prejudice.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS[1]

Commander owns and operates Metropolitan, previously located at 601 Lehigh Avenue, Union, New Jersey. CM/ECF #1 ¶10. Metropolitan is an architectural woodworking business that manufactures products for commercial and residential customers, and uses, stores, and disposes of hazardous substances such as paint, sprays, and solvents that can harm the State's air and water if not used in conformity with New Jersey's environmental statutes. DEP inspectors, in furtherance of their job duties, have a statutory right to enter and inspect a regulated facility. CM/ECF #1 ¶¶58-59. DEP's enabling act clearly states that "[t]he Department. . . shall have the power to: enter and collect [] samples, copy[] or photocopy[] documents or records, and for otherwise ascertaining compliance or

---

[1] The facts alleged in the amended Complaint are assumed true, as they must be at this stage, for purposes of this motion only.

noncompliance with any laws, permits, orders, codes, rules and regulations of the department." N.J. Stat. Ann. § 13:1D-9. DEP also has authority to enter and inspect regulated businesses under the SWMA, N.J. Stat. Ann. § 13:1E-48.20, the APCA, N.J. Stat. Ann. § 26:2C-9.1, and the WPCA, N.J. Stat. Ann. § 58:10A-6(g). This authority is supported by DEP's regulations adopted pursuant to the above statutes. CM/ECF #1 ¶59. The SWMA, N.J. Admin. Code § 7:14A-2.11(e), the APCA, N.J. Admin. Code § 7:26G-2.7, and the WPCA, N.J. Admin. Code § 7:27-1.31, all spell out that DEP has the right to enter and inspect regulated buildings to ensure compliance, and carry with them penalties for refusal of entry. CM/ECF #1 ¶59.

On July 20 and August 24, 2010, Peter Madan ("Madan") DEP's air inspector at the time, Paul King, a solid/hazardous waste inspector, and Daniel Lockward, a water inspector, appeared at the facility to perform an inspection of Metropolitan based on the express statutory authority listed in the SWMA; the Spill Compensation and Control Act, N.J. Stat. Ann. § 58:10-23.11 to -23.11z; the APCA; the Solid Waste Utility Control Act, N.J. Stat. Ann. § 48:13A-1 to-13; and the WPCA. CM/ECF #1 ¶10. Madan notified the receptionist of his title as air inspector for the DEP, and noted his statutory authority to inspect, but nonetheless the DEP inspectors were denied entry to inspect. CM/ECF #1 ¶13. Mr. Madan informed the receptionist of his statutory authority, showing his badge and noting the statute listed on the badge indicating his ability to search a regulated facility. CM/ECF #1 ¶¶17-20.

Again, DEP was denied entry in violation of N.J. Stat. Ann. § 26:2C-9.1. CM/ECF #1 ¶¶21-27.

After continued denial of access, the police appeared and requested that the DEP obtain a warrant to inspect the Metropolitan facility. CM/ECF #1 ¶26. DEP, through attorneys at the Division of Law ("DOL"), later applied for an administrative search warrant for the 601 Lehigh Avenue facility. On November 18, 2011, the Honorable Scott J. Moynihan, Superior Court Union County, issued the requested Administrative Search Warrant to the DEP allowing it to enter, inspect, and search the Metropolitan facility. CM/ECF #1 ¶29. The DEP was permitted entry to inspect on November 30, 2011. During the inspection multiple violations were found under the APCA, SWMA, and WPCA. On May 24, 2012, DEP issued an Administrative Order and Notice of Civil Administrative Penalty Assessment ("AONOCAPA"), assessing a total of $593,000 in civil administrative penalties to Metropolitan and Commander.

During spring of 2015, inspectors determined that Metropolitan had moved its business to a new location at 5 Cornell Parkway, Springfield, New Jersey ("Cornell facility"). CM/ECF #1 ¶31. DEP attempted to inspect the Cornell facility on October 6 and 27, 2015 and March 17, 2016, but was denied entry each time by Commander. CM/ECF #1 ¶33. On April 4, 2016, the DEP, through attorneys at the DOL, applied for an administrative search warrant for the Cornell facility. On April

11, 2016, the Honorable Frederic R. McDaniel, J.S.C., Superior Court Union County, issued a second Administrative Search Warrant to DEP, which was executed on May 4, 2016. CM/ECF #1 ¶¶36-37. During the inspection on May 4, 2016, DEP inspectors collected documents and records pursuant to N.J. Stat. Ann. § 13:1D-9d. CM/ECF #1 ¶¶38, 44. On April 13, 2017, DEP issued a second AONOCAPA to Metropolitan and Commander for their failure to comply with the APCA, the SWMA, and the WPCA, ordering them to comply with the identified violations, and assessing $230,670 in civil administrative penalties. CM/ECF #1 ¶42.

On May 24, 2017, DEP inspectors attempted to conduct a joint follow-up inspection to determine whether Commander and Metropolitan had complied with the April 11 AONOCAPA. CM/ECF #1 ¶52. However, the DEP inspectors were once again denied access by Commander after announcing themselves and displaying their credentials. CM/ECF #1 ¶¶51-52. DEP subsequently issued a third AONOCAPA to Commander and Metropolitan on July 31, 2017, assessing civil administrative penalties for the refused access and ordering Commander and Metropolitan to grant DEP access. CM/ECF #1 ¶52.

In November 2021, DEP inspectors requested Plaintiffs' consent to a warrantless inspection of the Cornell Parkway Facility. CM/ECF #1 ¶66. Plaintiffs consented to this inspection without a warrant. CM/ECF #1 ¶67.

In addition, Plaintiffs amended complaint alleged that in March 2024, an employee of DEP (presumed to be Mr. Madan) climbed into Plaintiffs' dumpster at the Cornell Parkway Facility without any explanation, invitation or warrant. CM/ECF #1 ¶78.

On July 1, 2024, Plaintiffs filed a Complaint in the United States District Court for the District of New Jersey, alleging violations of federal and State law. (CM/ECF #1 ¶¶67-72). Plaintiffs' complaint alleged that pursuant to the search and seizure rules of the U.S. Constitution and the New Jersey Constitution, DEP cannot perform warrantless inspections. CM/ECF #1 ¶¶71-72.  However, Plaintiffs' complaint identified no statutory or constitutional provisions which they allege DEP or the named Defendants have violated.  Instead, the only statutes and regulations cited by Plaintiffs were those that provide DEP authority to enter facilities to perform inspections.  Additionally, Plaintiffs did not allege that Defendants or DEP ever entered or inspected their facility without either a warrant or consent of the Plaintiffs. Nevertheless, Plaintiffs seemingly alleged that DEP conducted warrantless searches and, therefore, sought a declaratory judgment and preliminary injunction prohibiting future warrantless inspections of their facility, as well as undefined damages. CM/ECF #1 ¶¶71-72.

On August, 16, 2024, Defendants filed a Motion to Dismiss the federal complaint for failure to state a claim upon which relief can be granted pursuant to

FED. R. CIV. P. 12(B)(1) AND FED R. CIV. P. 12(B)(6). Petitioners filed their brief in opposition to the motion on October 6, 2024. Defendants filed a reply to the opposition on October 28, 2024.

On March 18, 2025 the United States District Court for the District of New Jersey issued an opinion granting the Defendants motion to dismiss without prejudice.

On May 4, 2025, Plaintiffs filed an amended complaint alleging attempted warrantless searches in 2021 and trespass in 2024, in an attempt to cure the fact that they had not stated a claim upon which relief could be granted. Plaintiffs amended complaint alleged that pursuant to the search and seizure rules of the U.S. Constitution and the New Jersey Constitution, DEP cannot perform warrantless inspections. CM/ECF #1  ¶¶89-90.   However, Plaintiffs' amended complaint identified no statutory or constitutional provisions they allege DEP to have violated. Instead, the only statutes and regulations cited to by Plaintiffs were those that provide DEP authority to enter facilities to perform inspections. Further, Plaintiffs do not allege that DEP ever entered or inspected their facility without either a warrant or consent of the Plaintiffs.  Nevertheless, Plaintiffs seemingly alleged that DEP conducted warrantless searches and, therefore, sought a declaratory judgment and preliminary injunction prohibiting future warrantless inspections of their facility, as well as undefined damages. CM/ECF #1 ¶¶89-90.

**ARGUMENT**

**POINT I**

**PLAINTIFFS' CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THEY WERE FILED BEYOND THE APPLICABLE STATUTE OF LIMITATIONS**

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction requires that the court consider the allegations of the complaint as true and make all reasonable inferences in plaintiff's favor. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "[T]he person asserting jurisdiction bears the burden of showing that the case is properly before the Court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

Plaintiffs' complaint should be dismissed because it was not filed within the Applicable two-year statute of limitations period for filing §1983 actions, and is thus untimely. It has been firmly established that there is no independent statute of limitations for bringing a claim under 42 U.S.C. §1983 in federal court. Instead, "the [forum] state's statute of limitations for personal injury" applies to claims filed under 42 U.S.C. §1983. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1988). In New Jersey, the statute of limitations for a civil rights claim under §1983 or the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. §10:6-2, is two years. *Disque v. New Jersey State Police*, 603 F.3d 181, 189 (3d Cir. 2009) (section 1983); *Citta v. Borough of Seaside Park*, Civ. No. 09865

9

FLW, 2010 WL 3862561, at *10 n.3 (D.N.J. Sept. 27, 2010) (collecting cases and concluding that two-year statute of limitations applies to plaintiff's NJCRA claims.) Even assuming, *arguendo*, that the relevant alleged violation here is trespass, the statute of limitations under the New Jersey Tort Claims Act is still two years. N.J. Stat. Ann. § 59:8-8(b).

The limitations period begins to run on the accrual date. For federal claims brought pursuant to 42 U.S.C. §1983, the accrual date of the claim is determined in accordance with federal law. *Disabled in Action of Pa. v. Se. Pa. Trans. Auth.*, 539 F.3d 199, 209 (3d Cir. 2008). Generally, a claim accrues when the facts supporting the claim reasonably should have become known to the plaintiff. *Sameric*, 142 F.3d at 599 (citing *De Botton v. Marple Twp.*, 689 F. Supp. 477, 480 (E.D. Pa. 1988)); see also *Large v. County of Montgomery*, 307 F. App'x 606, 606 (3d Cir. 2009). Thus, "a claim accrues as soon as a potential plaintiff either is aware, or should be aware after a sufficient degree of diligence, of the existence and source of an actual injury. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 590 (3d Cir. 2005) (citing *Keystone Insurance Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir.1988)); *see also Large v. County of Montgomery*, 307 F. App'x. 606, 606 (3d Cir. 2009). Put another way, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) aff'd, 504 F. App'x 182 (3d Cir. 2012); see

also Giles v. City of Philadelphia, 542 F. App'x 121, 123 (3d Cir. 2013) (citing *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir.1982) (per curiam) (federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of the injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong)).

The amended complaint alleges two additional incidents, one dated November 2021, alleging an attempted warrantless search, and the other in March 2024 of an alleged trespass. Commander's allegation that "In November 2021, different agents of DEP requested warrantless inspections of the Cornell Parkway Facility," does not fall within the applicable statute of limitations. Assuming that this is as late as possible, i.e. November 30, 2021, that would mean the two-year window would have expired on November 30, 2023. This complaint was filed one year and six months later, on May 4, 2025, well beyond the statute of limitations period.  Further, Mr. Madan was no longer employed by DEP nor acting under color of state law at the time of the alleged incident in March 2024. Therefore, the State Defendants are not liable for this alleged incident.

Because the two-year window to file a complaint expired at the end of 2023, and no new incident has been alleged, and the March 2024 incident does not apply to State Defendants, Plaintiffs' complaint should be dismissed, with prejudice.

## POINT II

### PLAINTIFFS' FEDERAL CLAIMS AGAINST THE STATE DEFENDANTS SHOULD BE DISMISSED BECAUSE DEFENDANTS ARE ENTITLED TO SOVEREIGN IMMUNITY PURSUANT TO THE ELEVENTH AMENDMENT

Plaintiffs' federal claims against the State Defendants should be dismissed because they are barred by the Eleventh Amendment. As individuals respectively overseeing and employed by the DEP and the New Jersey Department of Law & Public Safety ("LPS"), Shawn LaTourette and Matthew Platkin are State officers entitled to Eleventh Amendment immunity.

The Eleventh Amendment bars federal jurisdiction over private lawsuits against a state:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

[*U.S. Const. Amend. XI.*]

The Amendment prohibits suits against a state not only by citizens of another state, but also by its own citizens. *See, Pennhurst State School and Hospital v. Halderman*, 465 *U.S.* 89, 97-98 (1984); *Fla. Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 *U.S.* 627, 669-670 (1999); *Seminole Tribe of Florida v.*

*Florida*, 517 *U.S.* 44, 54 (1996). In addition, Eleventh Amendment immunity extends to state departments and agencies that are arms of the State. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 *F.3d* 524, 545 (3d Cir. 2007) (citing *Regents of the Univ. of California v. Doe*, 519 *U.S.* 425, 429 (1997).

The primary purpose of sovereign immunity is to give states "the dignity and respect due sovereign entities." *Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 *U.S.* 743, 769 (2002. "[T]he states' immunity from suit is a fundamental aspect of the sovereignty which the states enjoyed before the ratification of the Constitution, and which they retain today." *Alden v. Maine*, 527 *U.S.* 706, 712-13 (1999 (citations omitted). The immunity has been broadening since the Eleventh Amendment was enacted, and the "Amendment does not define the scope of the States' sovereign immunity; it is but one particular exemplification of that immunity." *Fed. Maritime Comm'n*, 535 *U.S.* at 752. The Eleventh Amendment prohibition against federal lawsuits for damages against the State also applies when a state official is sued for damages in his or her official capacity. *Kentucky v. Graham*, 473 *U.S.* 159 (1985).

The Third Circuit considers three factors to determine whether an entity is an arm of the state entitled to Eleventh Amendment immunity. *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 *F.2d* 655, 659 (3d Cir.) (en banc), *cert. denied*, 493 *U.S.* 850 (1989); *Cooper v. Southeastern Penna. Transp. Auth.*, 548 *F.3d* 296, 299 n.4.

(3d Cir. 2008). The *Fitchik* factors consider: (1) the agency's status under state law;(2) the agency's degree of autonomy from the state; and (3) whether the money to pay the judgment would come from the state. *Ibid.*

After *Fitchik* was decided, intervening United States Supreme Court precedent in *Regents of the University of California v. Doe*, 519 *U.S.* 425, 429 (1997), convinced the Third Circuit that courts "can no longer ascribe primacy to the [state-treasury] factor." *Benn v. First Judicial Dist of Pa.*, 426 *F.3d* 233, 239. (3d Cir. 2005). Rather, all three *Fitchik* factors now carry the same weight and are considered "co-equal" when analyzing whether an entity is an arm of the state, and courts should not treat as dispositive the fact that a potential money judgment may not be paid from a state's treasury. *Id.* at 240. Starting with *Benn*, the Third Circuit has consistently held that an entity is an arm of the state entitled to sovereign immunity if two *Fitchik* factors weigh in favor of immunity. *See, e.g., Benn*, 426 *F.3d* at 240-41 (holding judicial district was arm of state of Pennsylvania); *Bowers v. NCAA*, 475 *F.3d* 524, 549-50 (3d Cir. 2007) (holding state university was arm of state); *McCauley v. University of the Virgin Islands*, 618 *F.3d* 232, 240-41 (3d Cir. 2010) (holding university was arm of Territory of the Virgin Islands). Both defendants here are entitled to sovereign immunity because all three of these factors weigh in Defendants' favor.

14

In applying these factors, the Court should find that the Commissioner is entitled to Eleventh Amendment immunity due to his employment as the official leading the DEP, and that Attorney General Platkin is entitled to Eleventh Amendment immunity due to his employment as the official leading the LPS. N.J. Admin. Code § 7:1-1.3. *Benn,* 426 F.3d at 240-41; *Fitchik*, 873 F.2d at 659.

The DEP and OAG are both a "principal department in the Executive Branch of the State Government." N.J. Stat. Ann. § 13:1D-1; N.J. Stat. Ann. § 26:1A-2. Thus, the first and second *Fitchik* factors are satisfied because the DEP and OAG are, under New Jersey law, State departments whose respective budgets and operations are under the control of the State. The DEP and OAG carry out the State laws, and are therefore under the control of the State. Further, Plaintiffs' complaint states that Defendants LaTourette and Platkin are being sued in their official capacity. Therefore, the third *Fitchik* factor is satisfied because the State is responsible for the defense and indemnification of Defendants acting in the scope of their employment under N.J. Stat. Ann. § 10A-1 and the Tort Claims Act, N.J. Stat. Ann. § 59:10-1.

Accordingly, all three *Fitchik* factors are satisfied and the Eleventh Amendment bars Plaintiffs' claims against Defendants.

# POINT III

## DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Dismissal of Plaintiffs' Complaint is also warranted because Defendants are entitled to qualified immunity. Government officials performing discretionary functions are granted qualified immunity and "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818. Qualified immunity shields officials performing discretionary functions from civil liability unless they are "plainly incompetent or ... knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Application of the immunity turns on the "objective legal reasonableness" of the action assessed in light of the "clearly established" law at the time the action was taken. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Unless the official's action violates clearly established law, the official is immune. *Mitchell v. Forsyth*, 472 U.S. 511, 517 (1985). Thus, "the immunity standard in *Harlow* itself eliminates all motive-based claims in which the official's conduct did not violate clearly established law." *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998). Furthermore, the plaintiffs must claim with particularity the right allegedly infringed, or otherwise, "[p]laintiffs would be able to convert the rule of qualified immunity ... into a rule of virtually unqualified liability simply by alleging violation of extremely abstract

16

rights." *Anderson*, 483 U.S. at 639. As with absolute immunity, the doctrine protects government officials against the "risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Id.* at 638.

In a §1983 case, "the inquiry is whether a reasonable officer could have believed that his or her conduct was lawful, in light of the clearly established law and the information in the officer's possession.'" *Palma v. Atlantic County*, 53 F. Supp. 2d 743, 769 (D.N.J. 1999) (quoting *Sharar v. Felsing*, 128 F.3d 810, 827 (3d Cir. 1997)). A police officer "who reasonably but mistakenly concludes that [his] conduct comports with the requirements of the Fourth Amendment [is] entitled to immunity." *Palma*, 53 F. Supp. 2d at 769 (quoting *Sharar*, 128 F.3d at 826). As the Supreme Court has explained, qualified immunity leaves "'ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley*, 475 U.S. at 343, 341).

The facts demonstrate that DEP's inspectors are immune to civil liability because they were not plainly incompetent nor did they knowingly violate the law. DEP's inspectors followed the applicable statutes and regulations when attempting to inspect Metropolitan. CM/ECF #1 ¶¶22, 27. Beyond that, though, the facts also show that DEP's inspectors were objectively reasonable to believe that warrantless

inspections authorized under those statutes and regulations were permissible. CM/ECF #1 ¶27. Specifically, N.J. Stat. Ann. § 13:1D-9(d) allows DEP to "enter and inspect any property, facility, building, premises, site or place for the purpose of investigating an actual or suspected source of pollution of the environment . . . and for otherwise ascertaining compliance or noncompliance with any laws, permits, orders, codes, rules and regulations of the department." Further, the APCA, SWMA, and WPCA through the statutes and corresponding regulations, allow DEP to enter and inspect for the purposes of enforcing environmental statutes and regulations. See, N.J. Stat. Ann. § 26:2C-9.1, N.J. Admin. Code § 7:27-1.31(a) and (b); N.J. Stat. Ann. § 26:2C-1, N.J. Admin. Code § 7:26G-2.7(a); and N.J. Stat. Ann. § 58:10A-1, N.J. Admin. Code § 7:14A-2.11(e).  It is clear that DEP's inspectors were objectively reasonable in believing the DEP's enabling statute, and the APCA, SWMA, and WPCA all allowed inspectors to enter and inspect in accordance with New Jersey Law. CM/ECF #1 ¶20. Plaintiffs' complaint acknowledges this fact repeatedly; Plaintiffs note that "Madan claimed he had the right to entry pursuant to New Jersey law," and that "Madan relied on guidance from DEP." CM/ECF #1 ¶¶20, 27; Plaintiffs also acknowledge that New Jersey law and DEP's regulations allow for warrantless searches. CM/ECF #1 ¶¶58-60.

Therefore, taking the allegations as true and viewing all inferences in the light most favorable to Plaintiffs, DEP's inspectors were objectively reasonable to believe

they were authorized to enter the premises under the applicable statutes and regulations. Thus, DEP's inspectors, including Mr. Madan, are entitled to qualified immunity. Therefore, allowing amendment to name individuals would be fruitless, and Plaintiffs' complaint should be dismissed with prejudice.

### POINT IV

### DEFENDANTS LATOURETTE AND PLATKIN IN THEIR OFFICIAL CAPACITIES ARE NOT "PERSONS" SUBJECT TO SUIT UNDER §1983 AND THE NJCRA.

To be liable within the meaning of 42 *U.S.C.* §1983, a defendant must be a "person." The Supreme Court of the United States has held that "States are not 'persons' within the meaning of §1983 and, therefore, cannot be among those held liable for violations of the civil rights statute." *Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 697 (3d Cir. 1995 (citing *Will v. Michigan Dep't of State Police,* 491 *U.S.* 58, 66 (1989). In *Will v. Michigan Dep't of State Police,* 491 *U.S.* 58, 70-71 (1989), the Supreme Court further held that state agencies and officials acting in their official capacity are likewise not "persons" under §1983.

The New Jersey State Legislature intended the NJCRA, N.J. Stat. Ann. § 10:6-2, to serve as an analog to §1983 and to incorporate existing §1983 jurisprudence when it created the NJCRA. *See Ramos v. Flowers*, 429 *N.J. Super.* 13, 23-24 (App. Div. 2012). Therefore, because a state agency or an official in his or her official capacity are not a "person" subject to suit under §1983, the same agency or state

official is not a "person" who can be sued under the NJCRA. Indeed, courts in this judicial district have held that prosecutors' offices and individual prosecutors in their official capacity are not "persons" subject to suit under the NJCRA. *See, e.g., Lopez-Siguenza v. Roddy*, 2014 U.S. Dist LEXIS 43238 (D.N.J. March 31, 2014) (holding Atlantic County Prosecutor's Office and Assistant Prosecutor sued in her official capacity were not "persons" who could be sued under NJCRA).[2]

Therefore, because the Commissioner and Attorney General are not "persons" as defined by either §1983 or the NJCRA, they are not subject to suit under either statute in their official capacities.

## POINT V

### PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiffs have failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Although a court must accept all facts alleged in the complaint as true, *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993), a court is not bound to accept as true a legal conclusion couched as a factual allegation. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Indeed, only a

---

[2] A copy of this unpublished opinion is attached hereto as Exhibit J.

complaint that states a plausible claim for relief survives a motion to dismiss."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE DEP NEVER CONDUCTED A WARRANTLESS SEARCH AND, EVEN IF DEP HAD, DEP HAS THE LEGAL RIGHT TO INSPECT REGULATED FACILITIES.

The vagueness and inadequacy of the Plaintiffs' complaint, does not allow for the requested relief. However, to the extent Plaintiffs allege that DEP inspectors have on numerous occasions conducted warrantless searches at the Metropolitan Facility, this claim should fail.  The facts alleged are not specific enough to raise a right to relief above the speculative level.  Indeed, the exact opposite is the case because Plaintiff's allegations are so vague, it is difficult to even ascertain what relief Plaintiffs are seeking. CM/ECF #1 ¶¶10-25. In further support of dismissal, Plaintiffs' repeatedly acknowledge that DEP has statutory and regulatory authority to conduct warrantless inspections. CM/ECF #1 ¶¶58, 59. Given the difficulty in ascertaining the basis upon which Plaintiffs are seeking relief, the complaint does not survive a motion to dismiss.

Plaintiffs admit that DEP obtained a warrant in 2010 to inspect the property at 601 Lehigh Avenue. CM/ECF #1 ¶29.  Once DEP obtained the warrant in 2010, it conducted an inspection pursuant to the warrant. Thus, no warrantless inspection was conducted by DEP, and no relief can be granted.

The Plaintiffs also admit that DEP obtained a warrant in 2016 to inspect the property at 5 Cornell Parkway after previously being denied entry. CM/ECF #1 ¶¶33 and 36. The complaint acknowledges that the Department, pursuant to the 2016 warrant, conducted an inspection on May 4, 2016. CM/ECF #1 ¶ 38. The Plaintiffs also made it clear that "Due to fear of additional crippling fines, unnecessary business disruption, and endless litigation in the OAL, Plaintiffs have permitted warrantless searches in recent years." CM/ECF #1 ¶57. While Plaintiffs allege they have consented to searches, they do not specify dates with which these 'searches' were conducted. The speculation required to ascertain what relief the Plaintiff is seeking supports a motion to dismiss. All inspections completed were pursuant to warrants or consent of the Plaintiffs. CM/ECF #1 ¶¶29, 38, 57. There were no warrantless inspections conducted at the site at any point. Even if there had been warrantless inspections conducted at the site, the law authorizes DEP to conduct warrantless inspections to investigate actual or suspected sources of pollution, and therefore, there is no basis for which relief can be granted. N.J.S.A. 13:1D-9, N.J.A.C. § 7:27-1.31.

B. **PLAINTIFFS' CLAIMS AGAINST DEFENDANTS PLATKIN AND LATOURETTE SHOULD BE DISMISSED BECAUSE LIABILITY CANNOT BE PREDICATED SOLELY ON THE OPERATION OF RESPONDEAT SUPERIOR**

Nowhere in the Complaint do Plaintiffs attempt to explain with specificity why Commissioner LaTourette or Attorney General Platkin are named as defendants in this matter. At most, Plaintiffs claim that "Attorney General Platkin has responsibility for the laws at issue in this action and representing DEP in its activities . . . [Attorney General] Platkin is the officer responsible for the actions of his deputies in carrying out their duties in support of DEP" and "[Commissioner] LaTourette is responsible for the operation of DEP and its compliance with the Constitution." (CM/ECF #1 ¶¶9, 67-68). But Fed. R. Civ. P. 8 requires a "'short and plain statement of the claim' . . . demands more than unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. Where, as here, a complaint offers only "naked assertions devoid of further factual enhancement," it must be dismissed.

Liability under §1983 may be imposed on a State official only when an injury was committed by another person "if there was intentional conduct, deliberate or reckless indifference to the [plaintiff's] safety, or callous disregard on the part of [State] officials." *Davidson v. O'Lone*, 752 F.2d 817, 828 (3d Cir. 1984) (en banc), *aff'd sub nom. Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Williams v.*

23

*Borough of West Chester*, 891 F.2d 458, 472 (3d Cir. 1989). Furthermore, an individual government defendant in a civil rights action must have "personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* A complaint making such an allegation "is adequate where it states the conduct, time, place and persons responsible." *Id.* at 354 (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)).

Plaintiffs here do not allege any facts that might suggest that Defendants Platkin or LaTourette personally directed, had actual knowledge of, or acquiesced in the alleged wrongful acts forming the basis of the Complaint. Consistent with case law, Plaintiffs' conclusory allegations and conjecture are not enough to avoid dismissal. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (holding that plaintiff's allegations did not suffice because she pleaded no non-conclusory facts sufficient to demonstrate that the three senior police officers "directed others to violate her rights"). Therefore, Plaintiffs have failed to set forth any basis for bringing suit against these individuals and the claims against them should be dismissed.

### C.  PLAINTIFFS' CLAIMS AGAINST DEFENDANT MADAN SHOULD BE DISMISSED BECAUSE MADAN IS NOT A GOVERNMENT AGENT

"To determine whether a complaint states a facially plausible claim, we accept the factual allegations in the complaint as true and draw all reasonable inferences in the nonmovant's favor." *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020). But "we **need** not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the **facts**." *Glick*, 944 F.3d at 717. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. *Ingram v. Ark. Dep't of Corr.,* 91 F.4th 924, 927 (8th Cir. 2024). In *Iqbal*, 556 U.S. at 674, the Court stated that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," Iqbal, 556 U.S. at 679. *AlexSam, Inc. V. Aetna, Inc.,* 119 F.4th 27, 40 (Fed. Cir. 2024). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 678.

More is required than "unadorned, the-defendant-unlawfully-harmed me accusations." *Id*. Further, a court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 Fed. Appx. 608, 613 (6th

Cir.2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co*., 518 F.2d 1167, 1169 (6th Cir.1975)).

"The first step in testing the sufficiency of the complaint is to identify any conclusory allegations." *Doe v. Simpson*, No. C-1-08-255, 2009 U.S. Dist. LEXIS 74847, 2009 WL 2591682, at *1 (S.D. Ohio Aug. 19, 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009)). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Simpson*, 2009 U.S. Dist. LEXIS 74847, 2009 WL 2591682, at *1 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

Because the Fourth Amendment proscribes only governmental action, "[a] search by a private person does not implicate the Fourth Amendment unless he acts as an instrument or agent of the government." *United States v. Steiger*, 318 F.3d 1039, 1045 (11th Cir. 2003). Therefore, no §1983 action can be brought against a private citizen unless they are acting under color of state law. Whether a private party should be deemed an agent or instrument of the government for Fourth

26

Amendment purposes necessarily turns on the degree of the government's participation in the private party's activities, a question that can only be resolved in light of all the circumstances." United States v. Wiest, 596 F.3d 906, 910 (8th Cir. 2010) (quoting Skinner, 489 U.S. at 614). Two critical factors are considered when determining whether a private person was acting as an instrument or agent of the government: (1) "whether the government knew of and acquiesced in the intrusive conduct"; and (2) "whether the private actor's purpose was to assist law enforcement efforts rather than to further his own ends." *Id.* Related to the first factor, whether the government "openly encouraged or cooperated in the search is also considered. *See United States v. Ford*, 765 F.2d 1088, 1090 (11th Cir. 1985). *United States v. Perez*, 844 F. App'x 113, 116 (11th Cir. 2021). Both factors must be met to determine whether a private actor was acting as a government agent.

Plaintiffs allege, with no specificity, that an employee of DEP (presumed to be Mr. Madan) climbed into Plaintiffs' dumpster at the Cornell Parkway Facility without any explanation, invitation, or warrant. CM/ECF #1 ¶¶78, 103-106. This conclusory statement does not plead enough to prove a 4th Amendment violation claim, and/or a claim for Trespass. The complaint has not alleged with more than a sheer possibility that Mr. Madan was the person who climbed into his dumpster. Further, nothing in the allegation shows that the DEP employee met the requirements for violating the Plaintiff's 4th Amendment Rights. Additional facts would be

27

necessary to prove there is a claim upon which relief could be granted. Mr. Madan was not, at the time, an employee of DEP. (Jeffrey Meyer Cert. ¶5). Mr. Madan had retired from the Department as of May 1, 2023. (Meyer Cert. ¶5). DEP had no control over Mr. Madan at this point and did not at the time of the alleged March 2024 incident. (Meyer Cert. ¶10). Neither Jeffrey Meyer, NJDEP Air Compliance Bureau Chief and Peter Madan's former supervisor, nor any other DEP personnel ever instructed Mr. Madan to go to Mr. Commanders property after his separation from DEP in May 2023. (Meyer Cert. ¶8). DEP learned of the alleged March 2024 incident when Plaintiff filed a summons against Mr. Madan in Municipal Court on or around June 19, 2024, therefore it did not know of and/or acquiesce in the intrusive conduct. (Meyer Cert. ¶7). Further, the private actor's, Mr. Madan, purpose was not to further assist DEP, as he was no longer employed by DEP and no DEP personnel requested that he go to the property. (Meyer Cert. ¶9). Since Mr. Madan was not acting at the direction or with the knowledge of DEP, and it was not to assist DEP, he was not acting as a government agent under color of state law. Therefore, no §1983 action can be filed against Mr. Madan or State Defendants for this allegation.

## POINT VI

## DEP CANNOT CONTROL THE DELAY IN JUDICIAL PROCESS

Plaintiffs allege that the Office of Administrative Law ("OAL") has failed to timely adjudicate this matter and now seeks relief from the Federal Courts. CM/ECF #1 ¶¶98-102. DEP is not in control of how long the OAL takes to adjudicate its matters. There are numerous factors that caused delays in the ongoing OAL matter between Plaintiffs and DEP, including but not limited to: COVID-19, Plaintiff's requests for delay, Motion practice, and discovery. In addition, the Plaintiffs chose to avail themselves of OAL by requesting an administrative hearing. The OAL has scheduled a hearing for September 2025, which will determine the underlying claims. DEP cannot give the Plaintiffs the relief sought, and therefore the complaint should be dismissed.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) be granted and all claims against the Defendants be dismissed with prejudice.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:    /s/ Paige A. Hensor

Paige A. Hensor
Deputy Attorney General

Dated:    June 11, 2025