Avram E. Frisch, Esq.
The Law Office of Avram E.
Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Plaintiff Metropolitan Woodworking, Inc. et al.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------- x

**METROPOLITAN WOODWORKING, INC. , METROPOLITAN ARCHITECTURAL WOODWORK, LLC., SPRINGFIELD OFFICE, CORP. SPRINGFIELD WOOD WORKSHOP, CORP., CONSTRUCTION MACHINE DEVICES, LLC., AND DARREN COMMANDER,**

Docket No. 2:24-cv-07483

Plaintiffs,

- against -

**SHAWN M. LATOURETTE IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; AND MATTHEW PLATKIN IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF NEW JERSEY; PETER MADAN**

Defendants.

---------------------------------------------------------------- x

### MEMORANDUM OF LAW OF PLAINTIFFS IN OPPOSITION TO  THE MOTION TO DISMISS THE AMENDED COMPLAINT

# Contents

| Section | Page |
|---|---|
| 1. Introduction | 4 |
| 2. Factual and Procedural Background | 4 |
| 3. Legal Argument | 7 |
| Point I – The Statute of Limitations is not Applicable to this Matter | 7 |
| Point II – The Defendants are not Entitled to Sovereign Immunity | 10 |
| Point IV | 13 |
| a. NJDEP has conducted warrantless searches | 13 |
| b. Plaintiffs' Claims are Validly Directed at the State Defendants | 13 |
| c. The Claims Against Madan are Sufficiently Pled | 14 |
| 4. Conclusion | 15 |

# Table of Authorities

**Table of Authorities**

**Cases**

- Algrant v. Evergreen Valley Nurseries Ltd. Pshp., 126 F.3d 178, 184-85 (3d Cir. 1997) - Page 7
- Camara v. Mun. Court of S.F., 387 U.S. 523, 87 S. Ct. 1727, 18 L.Ed.2d 930 (1967) - Page 9
- Cowell v. Palmer Twp., 263 F.3d 286, 293 (3d Cir. 2001) - Page 8
- Custin v. Wirths, No. 12-910 (KM), 2014 U.S. Dist. LEXIS 12588, at *30 (D.N.J. Jan. 31, 2014) - Page 7
- De La Fuente v. Cortes, 751 F. App'x 269, 271 (3d Cir. 2018) - Page 10
- Donovan v. Lone Steer, 464 U.S. 408, 414, 104 S. Ct. 769, 772-73, 78 L.Ed.2d 567, 572 (1984) - Page 9
- EEOC v. A&P, 735 F.2d 69, 80 (3d Cir. 1984) - Page 7
- Ex Parte Young 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908) - Page 8
- Lara v. Comm'r Pa. State Police, 91 F.4th 122, 139 n.25 (3d Cir. 2024) - Page 8
- Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S. Ct. 1816, 56 L.Ed.2d 305 (1978) - Page 9
- Morrill v. Weaver, 224 F. Supp. 2d 882, 892 (E.D. Pa. 2002) - Page 10
- Peachlum v. City of York, 333 F.3d 429, 431 (3d Cir. 2003) - Page 8
- Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3rd Cir. 1988) - Page 10
- See v. City of Seattle, 387 U.S. 541 (1967) - Page 9

## 1. Introduction

The Defendants in this action are seeking to dismiss the complaint on the basis of factual claims that are false, and ignoring the fact that Plaintiffs' allegations of fact must be accepted as true for the purposes of the motion to dismiss.  The Defendants assert that they have never conducted a warrantless search of the Plaintiffs' business premises, which is false, they assert that Mr. Madan did not work for them when he unlawfully conducted an inspection of the premises in 2024, which is disputed, and they rely on their contested claims of environmental liability to justify their need to search the Premises, while also disclaiming any responsibility for the endless proceedings in front of the New Jersey Office of Administrative Law that have prevented the Plaintiffs from their day in Court.

## 2. Factual and Procedural Background

As set forth in the Amended Complaint, and the Defendants do not dispute, that the NJ DEP believes it is entitled to enter the Plaintiffs' business premises for warrantless inspections on demand.  The parties have a long history of disputes over this issue, and Defendants have issued several violations for substantial sums of money that are largely penalties for demanding a judicial warrant in accordance with the 4th Amendment.  The parties have been engaged in a hearing before the New Jersey Office of Administrative Law ("OAL") since 2017 to determine the validity of the fines issued in 2016 and 2017, both for the refusal to permit the warrantless searches, and the minor violations alleged by NJDEP.

The OAL does not have authority to determine constitutional questions, which can only be decided by a Court, and thus the delay in resolution of the OAL matter has prevented the Plaintiffs from seeking a review by the relevant New Jersey Courts of the Department's determination that they owe fines for refusing warrantless searches.

During the pendency of the proceedings, NJDEP inspectors again demanded a warrantless search in 2021, which was granted due to the Plaintiffs' fear of further fines and endless, expensive litigation. The fear of the consequences of refusal forced compliance with NJDEP's demands. While the NJDEP has not made a formal request for an inspection since 2021, the Plaintiffs identified Peter Madan, an employee of DEP as climbing into their dumpster at the Premises in March 2024 and otherwise attempting to inspect the Premises. While the Defendants now claim that Mr. Madan was no longer employed by them at this time, they provide no proof of the same, and offer a self-serving declaration that is insufficient to avoid discovery on this question.

The Defendants are not incorrect in noting that this action arises from some longstanding violations of the Plaintiffs' constitutional rights by an out of control agency with certain individual inspectors who determined that they disliked the Plaintiffs. Yet, the reality is that despite years of state court administrative proceedings, which have yet to conclude, the Plaintiffs have never had an opportunity to challenge the imposition of substantial fines for asserting the Plaintiffs' constitutional rights to be free from unwarranted search and seizure in their business premises, and on behalf of the individual plaintiffs, in their personal effects.

The Defendants recitation explains that they assert the unlimited authority to conduct warrantless inspections of the Plaintiffs' business operations pursuant to certain New Jersey statutes and related regulations implemented by the New Jersey Department of Environmental Protection. The Defendants further admit that they have regularly demanded entry to the Plaintiffs' business facilities without a warrant, and when denied sought a warrant and then penalized certain of the business entity Plaintiffs and Darren Commander for their failure to permit warrantless inspections. That this has been occurring since 2010 does not change the fact that the Plaintiffs retain their constitutional rights.

5

The Complaint recites several attempted warrantless inspections, and subsequent inspections that were conducted subject to a warrant, but that resulted in substantial penalties to Plaintiffs Metropolitan and Commander for their refusal to waive their constitutional rights and to permit NJDEP and its inspectors Madan and King to conduct inspections. The latest administrative penalties have been subject to proceedings in the New Jersey Office of Administrative Law for over 7 years, and remain open and undetermined. Metropolitan and Commander moved to dismiss all charges related to the unconstitutional penalties for the 2016 and 2017 inspection refusals, but the Administrative Law Judge determined that it was beyond the scope of his authority. While the Plaintiffs originally expected to bring a challenge to the penalties in a State court challenge to any penalties ultimately upheld by the Administrative Law Judge, the endless nature of those proceedings has compelled the Plaintiffs to commence this action to obtain a determination of their rights.

Furthermore, as alleged in the Complaint, Madan, King and others have regularly returned to the Plaintiffs' business to conduct further inspections. In 2021, the Plaintiffs permitted the inspection to avoid further attempts to impose fines in the many hundreds of thousands of dollars. The Plaintiffs, seeking to be secure in their place of business, have a right to a determination that the State of New Jersey, the Department of Environmental Protection and its individual inspectors do not have the right to simply walk in any time they please to conduct any random inspection of the Premises. Further, as alleged in the Amended Complaint, the Inspectors have used threats and intimidation against the Individual Plaintiffs and other employees in order to force compliance with their unconstitutional demands.

This action is to obtain a declaration that the Plaintiffs have the right to deny the NJDEP access to their premises without a valid judicial warrant issued upon proper probable cause in

accordance with the Fourth Amendment.  It is also for damages against Mr. Madan, who wrongly entered onto the Plaintiffs' premises under color of law to inspect the facility.

Contrary to the assertions of the Defendants, this Court's prior decision on the motion to dismiss did not address the Defendants' claims that the Plaintiffs failed to state a cause of action, but were solely decided on the basis of the statute of limitations.  As will be apparent, the statute of limitations has now been satisfied, and the remaining elements of the Defendants' motion to dismiss must also be denied.

### 3.  Legal Argument
**Point 1 – The Statute of Limitations is not Applicable to this Matter**

Plaintiffs continue to believe that the statute of limitations is generally not applicable to this matter, as they are seeking relief from future threatened warrantless inspections.  The primary cause of concern is that the Plaintiffs are not able to operate their business free from the concern that the State of New Jersey will insist on violating their constitutional rights.  This aspect of the Amended Complaint is set forth in the First Count of the Amended Complaint.

The Third Circuit has held that "when plaintiffs' claims are barred by a statute of limitations applicable to a concurrent legal remedy, then a court will withhold declaratory judgment relief in an independent suit essentially predicated upon the same cause of action. Otherwise, the statute of limitations can be circumvented merely by draping their claim in the raiment of the Declaratory Judgment Act. Accordingly, we turn to each of the plaintiffs' claims to determine whether the claim would be barred by the applicable statute of limitations." Algrant v. Evergreen Valley Nurseries Ltd. Pshp., 126 F.3d 178, 184-85 (3d Cir. 1997) (internal quotations omitted).  A declaratory judgment action for the application of constitutional claims is not identical to the claims regarding prior violations of the Plaintiffs' constitutional rights.

The facts are alleged in the amended complaint that the Defendants have both continued to perform warrantless searches (Mr. Madan's dumpster dive being the most recent Am. Comp. at ¶78 and 104) and that they have continued to threaten such searches explicitly (¶76-77). Whether the prior instances could have been challenged, there is no dispute that the Plaintiffs have alleged a continuing threat to the violation of their constitutional rights. These rights have not expired due to the statute of limitations, so even if the Court believes that the statute of limitations has expired due to prior warrantless inspections, it does not change the fact that the Plaintiffs are entitled to a determination as to the constitutionality of the threatened future inspections. "A specific challenge to an actual application of the regulation … Defendants might entitle him to a "fresh" limitations period." Custin v. Wirths, No. 12-910 (KM), 2014 U.S. Dist. LEXIS 12588, at *30 (D.N.J. Jan. 31, 2014).

Notably, the Plaintiffs have alleged an actual invasion of their premises by the Defendants that occurred clearly within the past two years. While the Defendants dispute whether Mr. Madan was acting on their behalf when the alleged event occurred in 2024, the Plaintiffs are entitled to discovery on the facts related to that specific incident. The Plaintiffs believe that it was Mr. Madan who conducted the inspection, and believe he was still employed by the Defendants at that time, despite the State's insistence that Mr. Madan retired. In any event, if it was not Mr. Madan who trespassed at the facility in 2024, then it was a different employee of the Defendants, and discovery will reveal who it was. As such, it would be premature to credit a declaration from the Defendants on a motion to dismiss.

Furthermore, the Amended Complaint makes clear that the Plaintiffs have been damaged by the State of New Jersey being unable to process its administrative proceeding in a reasonable amount of time. "If a statutory limitations period that would bar legal relief has expired, then the

defendant in an action for equitable relief enjoys the benefit of a presumption of inexcusable delay and prejudice. In that case, the burden shifts to the plaintiff to justify its delay and negate prejudice." EEOC v. A&P, 735 F.2d 69, 80 (3d Cir. 1984) (internal quotation marks omitted). The Second Count sets forth a defense to the statute of limitations based on laches. The Plaintiffs have exercised their rights under State law to defend the underlying administrative penalties. This proceeding has been continuing for 8 years, and the Plaintiffs initially participated in good faith in that process, where the facial constitutional challenges were held to be non-justiciable by OAL. It is unclear whether OAL will be able to consider the challenges on an as-applied basis during the hearing. It has been the State's inability to conclude the administrative matter that has forced the Plaintiffs to bring this action here. As such, the Plaintiffs are entitled to a defense of laches to the statute of limitations claim.

Notably, nothing in the Defendants' motion to dismiss indicates that the Defendants believe that they are no longer entitled to conduct warrantless inspections, or that there has been any change in the law since the last inspections occurred. The Defendants assert that the Plaintiffs are serial violators of the environmental laws (though in all of the years of dispute between the parties, few substantive environmental violations have been found and the charges are still pending in administrative proceedings) and that NJDEP has an important role in protecting the residents of New Jersey from the Plaintiffs' alleged environmental violations. There is no doubt that the Defendants intent to continue to enforce the unconstitutional law at their discretion in the future.

Even if the Court believes that a two year statute of limitations applies, the continuing violation doctrine would permit the Court to hear the claims in this case. "The focus of the continuing violations doctrine is on affirmative acts of the defendants." *Cowell v. Palmer Twp.*, 263 F.3d 286, 293 (3d Cir. 2001). The Defendants have continued to demand warrantless

inspections, and the most recent example was only concluded within the statute of limitations. Similarly, the ongoing administrative proceeding is seeking to impose hundreds of thousands of dollars in fines on certain plaintiffs for their refusal to permit warrantless searches.  Had the administrative proceedings been resolved in a timely manner, then the statute of limitations may well have run in regard to that action, but it has not been concluded.

The Plaintiffs challenge to the New Jersey statute and regulations permitting warrantless searches of their premises are ripe, as they have been utilized on numerous occasions in regard to the Plaintiffs in the past, and the State has made clear that it intends to continue to enforce them. There is no doubt that in the event that the State of New Jersey again demanded a warrantless inspection, the Plaintiffs would have the right to come to this Court to challenge that threatened infringement of their rights.  There is no reason why they should have to wait until the next time the State of New Jersey specifically knocks on their door and to risk additional fines and lengthy litigation in state administrative tribunals.  The passage of years during which the parties have had their dispute pending in other administrative tribunals is not a bar to this action. *Peachlum v. City of York*, 333 F.3d 429, 431 (3d Cir. 2003) (finding a claim between a homeowner and municipality alleging First Amendment violations ripe for adjudication due to the dispute percolating over ten years).  To the extent that the Court believes that each individual inspection is actionable on its own, and as such the continuing violation doctrine does not apply, then the Plaintiffs are entitled to prospective relief on future violations.   Simply put, the Statute of Limitations cannot apply to an event that has not yet occurred, but are obviously being threatened.

**Point II – The Defendants are not Entitled to Sovereign Immunity**

The Defendants allege that despite being individual defendants that they are entitled to Eleventh Amendment Immunity.  There is no dispute that the State of New Jersey and its

departments are immune from suit. It is for this very reason that Plaintiffs have named the individual defendants, Mr. Platkin and Mr. Latourette in their official capacities, along with Mr. Madan. The relief sought in this action, injunctive relief, is available against both of these individuals under the holding of *Ex Parte Young* 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). Strangely, the Defendants fail to even mention *Ex Parte Young*, which is the touchstone of this sort of action. "A plaintiff can avoid that bar [11ᵗʰ Amendment] by naming a state official in a suit for prospective declaratory or injunctive relief to prevent a continuing violation of federal law. Cf. *Ex parte Young*, 209 U.S. 123, 157, 28 S. Ct. 441, 52 L. Ed. 714 (1908) (explaining that in bringing such an action, the "officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party")." *Lara v. Comm'r Pa. State Police*, 91 F.4th 122, 139 n.25 (3d Cir. 2024).

Mr. LaTourette is the Commissioner of the Department of Environmental Protection, an injunction barring him from conducting warrantless searches of the Plaintiffs' premises would result in the cessation of such warrantless inspections. Furthermore, there is no doubt that NJDEP has sought warrantless inspections in the past, and has threatened to continue same throughout the last 15 years. As such, there is no doubt that injunctive relief against Mr. LaTourette is appropriate. Furthermore, there is no indication from the State's motion that they believe there is another individual employee of the State who is more appropriate than Mr. LaTourette.

Similarly, Mr. Platkin, in his role as Attorney General of the State of New Jersey is not only generally responsible for the enforcement of all laws in New Jersey, but acts as the attorney for the Department of Environmental Protection and guides the enforcement actions being conducted by NJDEP. The Office of Attorney General, through various deputy attorneys general, has advised the NJDEP, sought warrants, and conducted administrative litigation with the

Plaintiffs.  As such, an injunction directed at Mr. Platkin would result in a termination of conduct to support NJDEP's violations of the constitution.  As such, both individuals are appropriate defendants.  Plaintiffs are not seeking monetary damages (other than potential attorney's fees and costs of this action) against these Defendants.

**Point III**

The  Plaintiffs are seeking monetary relief against Mr. Madan, for his trespass in 2024. The claims being made here are not entitled to qualified immunity.  There is no doubt that the Department's claim to being entitled to access any business in the State of New Jersey is a violation of the Fourth Amendment.  The Supreme Court has long held that non-consensual property inspections by government agencies must be conducted with a warrant. "In *Barlow's* an OSHA inspector sought to conduct a search of nonpublic working areas of an electrical and plumbing installation business. In *Camara* a San Francisco housing inspector sought to inspect the premises of an apartment building in that city. See also *See* v. *City of Seattle*, 387 U.S. 541 (1967) (involving a similar search by a fire inspector of commercial premises). In each case, this Court held that an administrative warrant was required before such a search could be conducted without the consent of the owner of the premises."  Donovan v. Lone Steer, 464 U.S. 408, 414, 104 S. Ct. 769, 772-73, 78 L.Ed.2d 567, 572 (1984) citing Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S. Ct. 1816, 56 L.Ed.2d 305 (1978) and Camara v. Mun. Court of S.F., 387 U.S. 523, 87 S. Ct. 1727, 18 L.Ed.2d 930 (1967).

The fact that Mr. Madan may have relied on a state law is insufficient to avoid the Section 1983 and trespass claims when that statute clearly violated numerous, longstanding Supreme Court precedents.  Furthermore, the State Defendants claim that Mr. Madan was no longer employed by them when he trespassed at the Plaintiffs' business.  Certainly, on this record, he can claim no

qualified immunity if he was no longer employed by the State of New Jersey. As this is a question of fact to be determined, it is premature to grant a motion to dismiss the claims against Mr. Madan.

    **Point IV**

    **a. NJDEP has conducted warrantless searches**

Aside from the numerous examples of threatening behavior delineated in the past, and the fact that NJDEP has regularly imposed substantial fines for forcing it to obtain a warrant, the complaint's allegations of numerous attempts by Madan to simply surveil the premises, the fact is that the NJDEP conducted a warrantless inspection in 2021. Plaintiffs consented to the inspection due to the ongoing threats of fines for non-compliance. Plaintiffs have changed their conduct due to the threats of unconstitutional fines, and as such their consent was simply under duress. The most recent warrantless invasion of the Plaintiffs' premises in 2024 is just the most recent example.

It is bizarre that the Defendants fail to account for their penalty regime related to the prior searches, and that they deny the existence of subsequent searches. They have the records of the most recent inspections, and as such are simply misleading the Court to pretend that they do not know when it occurred.

    **b. Plaintiffs' Claims are Validly Directed at the State Defendants**

As noted above, the Defendants are named pursuant to *Ex Parte Young* seeking to obtain injunctive relief to prevent the violation of the Plaintiffs' constitutional rights. "[A]lthough Ex Parte Young allows a party to be joined to a lawsuit based solely on his or her general obligation to uphold the law, it is appropriate only in cases in which there is a 'real, not ephemeral, likelihood or realistic potential that the connection will be employed against the plaintiff's interests.'" *1st Westco Corp. v. Sch. Dist.*, 6 F.3d 108, 114 (3d Cir. 1993) quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1208 (3rd Cir. 1988). In this case, there is no doubt that NJDEP is using its enforcement

powers against the Plaintiffs, as it has done so on multiple prior occasions.  Similarly, the NJDEP is supported by the Attorney General's office in conducting its unconstitutional activities.

Similarly, Courts in this circuit have upheld relief against high ranking state officials in similar cases.  In *Morrill v. Weaver*, 224 F. Supp. 2d 882, 892 (E.D. Pa. 2002) the Court upheld relief against the Secretary of State of Pennsylvania and Attorney General as it noted that "the Secretary of State regulates elections and, in conjunction with the Commonwealth's Attorney General, regularly enforces the challenged election law to exclude candidates who have not submitted adequate Nomination Papers."  The Third Circuit cited this case approvingly in *De La Fuente v. Cortes*, 751 F. App'x 269, 271 (3d Cir. 2018).

The Defendants failure to recognize that this action is governed by *Ex Parte Young* makes it complicated to understand what the underlying basis of their motion to dismiss actually is.  As such, there is simply no reason given for why this action is not appropriate to challenge the unconstitutional application of a state statute by the primary officers charged with the enforcement of those statutes.  The Plaintiffs are not seeking individual liability against either of the named government defendants at this time, as they have no basis to conclude that either one of them was involved in any known deprivation of their rights.  They simply are seeking a declaratory judgment and injunctive relief as to their rights to be free from warrantless searches by NJDEP.  As such, the claims are not barred by the cases cited by the Defendants.

**The Claims Against Madan are Sufficiently Pled**

Madan claims that he is not a state agent, so the fact that he was alleged to have trespassed at the Plaintiffs' premises is insufficient to justify a cause of action against him.  Either he was a state actor, in which case his actions violate the 4th amendment, as Plaintiffs believe, or he was a private actor who trespassed on the Plaintiffs' premises, in which case he would be liable for a

14

state law cause of action.  At this juncture, the Plaintiffs are entitled to all reasonable inferences in their favor.  The Defendants' submission of a declaration is insufficient at this early stage to make factual determinations.  It is true that the Plaintiffs were aware of the Defendants denial of Mr. Madan having been at the premises in 2024, which is why it was stated that the Plaintiffs presumed it to be Mr. Madan.  It is not conclusory to state that the Plaintiffs allege that Mr. Madan climbed in their dumpster in March 2024.  The Plaintiffs have this event on their security video.  Mr. Madan's denial is a perfect item to be placed in an answer to the Amended Complaint, but does not defeat the complaint as a matter of law.

**4.  Conclusion**

For the reasons stated above, Plaintiffs request that the Court deny the motion to dismiss and allow these claims to proceed.

/s/ Avram E. Frisch_____

Avram E. Frisch