## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| METROPOLITAN WOODWORKING, INC. METROPOLITAN ARCHITECTURAL WOODWORK, LLC., SPRINGFIELD OFFICE, CORP. SPRINGFIELD WOOD WORKSHIP, CORP., CONSTRUCTION MACHINE DEVICES, LLC., AND DARREN COMMANDER,<br><br>    Plaintiffs,<br><br> v.<br>SHAWN M. LATOURETTE IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; AND MATTHEW PLATKIN IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, PETER MADAN<br><br>    Defendants. | **Civil Action**<br><br>HON. CLAIRE C. CECCHI, U.S.D.J.<br><br>Civil Action No. 24-07483 |
| REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS | |

              MATTHEW J. PLATKIN
              ATTORNEY GENERAL OF NEW JERSEY
              R.J. Hughes Justice Complex
              25 Market Street, P.O. Box 093
              Trenton, New Jersey 08625
              (609) 633-8713  (Phone)
              PAIGE.HENSOR@LAW.NJOAG.GOV

PAIGE A. HENSOR
Deputy Attorney General
 On the Brief

1

Plaintiffs' amended complaint, which contains allegations against two state agency heads, one former state official, and seeks a declaratory judgment and injunctive relief preventing the Department of Environmental Protection ("DEP") from conducting lawful inspections, should be dismissed for multiple reasons. First, Plaintiffs' complaint was filed outside of the applicable statute of limitations and, thus, is untimely. Second, Plaintiff's claims against DEP Commissioner Shawn M. LaTourette ("Commissioner") and New Jersey Attorney General Matthew J. Platkin ("Attorney General") (collectively, "State Defendants") should be dismissed because the pleaded facts establish the State Defendants both are being sued in their official capacity, which entitles them to 11th Amendment protections. Third, Plaintiffs' claims should be dismissed for failing to state a claim upon which relief can be granted because: (1) Plaintiffs do not allege that DEP at any point in time actually inspected the facility without a warrant or consent; (2) Peter Madan was not an agent of the State and could not have violated Plaintiff's Fourth Amendment rights, and (3) the State Defendants should be dismissed because Peter Madan could not have acted as a State Agent in March 2024, thus, there is no relief that can be granted. All other events mentioned in the complaint prior to the March 2024 allegations would be barred by the statute of limitations.

For all these reasons, the court should dismiss Plaintiffs' Complaint with prejudice.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS[1]

In November 2021, different agents of DEP requested warrantless inspections of the Cornell Parkway Facility. CM/ECF #1 ¶66. Plaintiff's consented to this inspection without a warrant. CM/ECF #1 ¶67.

Peter Madan retired from the State – DEP on May 1, 2023. See, Certification of Peter Madan attached as Exhibit A.

Further, Plaintiffs allege without evidence, "In March 2024, that an employee of DEP (presumed to be Mr. Madan) climbed into Plaintiffs' dumpster at the Cornell Parkway Facility without any explanation, invitation or warrant." CM/ECF #1 ¶78.

## ARGUMENT

### POINT I

**PLAINTIFFS' CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE ALL SEARCHES WERE CONSTITUTIONAL, AND THE ALLEGED ACTIONS ARE BEYOND THE APPLICABLE TWO-YEAR STATUTE OF LIMITATIONS**

The State Defendants' regulatory inspections were constitutional warrantless searches because they fall within the pervasively regulated exception to warrantless searches. Given that the Defendants' alleged searches were constitutional, there was no violation, continuing or otherwise. Therefore, because the searches are not

---

[1] The facts alleged in the amended Complaint are assumed true, as they must be at this stage, for purposes of this motion only. All facts have not been restated, but rather only the ones that are relevant to this reply. Additionally, the procedural history is specified in the original motion.

3

violations, the accrual date for this litigation would be the dates of the individual inspections. All of the inspections conducted by the State were more than two years prior to the initial filing of this complaint on July 1, 2024. N.J.S.A § 10:6-2. Accordingly, the complaint is time barred pursuant to the applicable statute of limitations.

The Fourth Amendment to the U.S. Constitution protects citizens' privacy from unreasonable searches and seizures that are unsupported by a warrant based on probable cause. U.S. Const. amend. IV.; *Camara v. Municipal Court*, 387 U.S. 523, 528-29 (1967). "[W]hen agents seek violations of health, safety, or welfare standards, or are policing the various administrative regulatory schemes, the inspection program need only be supported by "reasonable legislative or administrative standards." *Camara*, 387 U.S. at 538. In *Marshall v. Barlow's Inc.*, the Court clarified the Camara holding, stating that the administrative probable cause standard may be "based not only on specific evidence of an existing violation but also on a showing that 'reasonable legislative or administrative standards for conducting an . . . administrative inspection are satisfied with respect to a particular [establishment].'" Courts have adopted this lower standard of administrative probable cause in environmental cases. 436 U.S. 307, 320 (1978) (quoting Camara, 387 U.S. at 538 (1967)).

4

Courts have also found that statutory authority to enter a business and conduct inspections provides a government agent the parallel authority to obtain administrative search warrants. *National-Standard Co. v. Adamkus*, 881 F.2d 352, 361 (7th Cir. 1989); *In re Alameda County Assessors Parcel Nos. 537-801-2-4 & 537-850-9*, 672 F. Supp. 1278, 1287 (N.D. Cal. 1987); *see also Bunker Hill Co. Lead & Zinc Smelter v. EPA*, 658 F.2d 1280, 1285 (9th Cir. 1981); *Outboard Marine Corp. v. Thomas*, 610 F. Supp. 1234, 1242-43 (N.D. Ill. 1985); *In re Stanley Plating Co.*, 637 F. Supp. 71, 73 (D. Conn. 1986). Despite the rule that administrative searches of business property require an administrative search warrant, the U.S. Supreme Court acknowledges an exception for businesses that are considered pervasively regulated. *Donovan v. Dewey*, 452 U.S. 594, 602-03 (1981) (holding that the mining industry is pervasively regulated); *United States v. Biswell*, 406 U.S. 311, 316-17 (1972) (finding firearm merchants heavily regulated); *Colonnade Corp. v. United States*, 397 U.S. 72, 76-77 (1970) (holding liquor licensees subject to close regulatory supervision and inspection); *New York v. Burger*, 482 U.S. 691, 708 (1987) (finding automobile junkyards closely regulated). .

The Supreme Court explained the rationale behind that exception:

> Our cases recognize a limited exception to the Fourth Amendment's warrant requirement for searches of businesses in "closely regulated industries." See, *e.g.*, *Burger*, 482 U.S. at 699-703 (internal quotation marks omitted). The thinking is that, other things being equal, the "expectation of privacy in commercial premises" is

5

> significantly less than the "expectation in an individual's home." *Id.* at 700. "And where a business operates in an industry with a 'long tradition of close government supervision" -- liquor dealers and pawnbrokers are classic examples -- the expectation of privacy becomes "particularly attenuated." *Ibid.* (internal quotation marks omitted)...."
>
> [*Huber v. N.J. Dep't of Envtl. Prot.*, 562 U.S. 1302, 131 S. Ct. 1308, 1308, 179 L.Ed.2d 643, 643 (2011).]

New Jersey's courts further explained the test for whether a warrantless inspection is reasonable:

> *Burger* set out criteria for assessing the reasonableness of a warrantless inspection of a closely regulated business, and those criteria have been adopted for use in this state. *Burger, supra*, which was adopted and summarized by our Appellate Division in *Turcotte, supra*, 239 N.J. Super. at 291-94, 571 A.2d 305, requires that (1) a substantial governmental interest must underlie the regulatory scheme authorizing the search; (2) "the warrantless inspections must be necessary to further [the] regulatory scheme"; and (3) the statutory scheme "must advise the owner of the commercial premises that the search is being made pursuant to the law and has a properly defined scope, and it must limit the discretion of the inspecting officers." 482 U.S. at 702-03, 107 S. Ct. at 2644, 96 L. Ed. 2d at 614 (first alteration in original) (internal quotation marks omitted). In order to fulfill the third criterion, the statutory scheme must make a commercial property owner "aware that his property will be subject to periodic inspections undertaken for specific purposes[,]" and must "'carefully limit[]'" the inspector's discretion "'in time, place, and scope.'" *Id.* at 703, 107 S. Ct. at 2644, 96 L. Ed. 2d at 614 (quoting *United States v. Biswell*, 406 U.S. 311, 315, 92 S. Ct. 1593, 1596, 32 L. Ed. 2d 87, 92 (1972))...."

[*N.J. Dep't of Envir. Prot. v. Huber*, 213 N.J. 338, 360-61 (2013).]

In applying the *Burger* factors here, it is clear that any alleged warrantless searches were constitutional. First, there is a substantial governmental interest in protecting the conservation of the natural resources of the State, the promotion of environmental protection and the prevention of pollution of the environment of the State. Second, the warrantless inspections are necessary to further the regulatory scheme, because if a visit is announced facilities could potentially operate differently than usual and environmental harms may not be evident. Equipment that Metropolitan utilizes require permits pursuant to the Air Pollution Control Act. N.J.A.C. 7:27-8.3(b). For example, Metropolitan Woodwork installed three spray booths inside the facility without the proper permitting. To ensure the spray booths do not exceed spraying limits, they must be regulated. N.J.A.C. 7:27 -26.3(c). The purpose for this regulation is to protect the public health and prevent environmental damage. N.J.S.A. 26:2C-1 through 25.2. And third, the DEP has laid out clearly in multiple statutes, including but not limited to: N.J.S.A. 13:1D-9, N.J.S.A 26:2C.9.1, and regulations including but not limited to: N.J.A.C 7:27-1.31(a) and (b), N.J.A.C. 7:26G-2.7(a), and N.J.A.C. 7:14A-2.11(e), that DEP has the right to conduct searches pursuant to these statutes and specific regulations. Since the alleged warrantless search fulfills all of the *Burger* factors, the alleged warrantless search of the Metropolitan facility is constitutional, and therefore not a violation, continuing

or otherwise. Since the alleged warrantless search would not be considered a continuing violation, it would be subject to the two-year statute of limitations for a §1983 claim and is thus untimely.

## POINT II

### PLAINTIFFS' FEDERAL CLAIMS AGAINST THE STATE DEFENDANTS SHOULD BE DISMISSED BECAUSE DEFENDANTS ARE ENTITLED TO SOVEREIGN IMMUNITY PURSUANT TO THE ELEVENTH AMENDMENT

Plaintiffs' claim that *Ex Parte Young* allows them to impute liability on Shawn LaTourette and Matthew J. Platkin, in their official capacity, is incorrect. The 11th Amendment bars suit against State departments and agencies that are arms of the State. *Bowers v. Nat'l Collegiate Athletic Ass'n,* 475 F.*3d* 524, 545 (3d Cir. 2007) (citing *Regents of the Univ. Of California v. Doe*, 519 U.S. 425, 429 (1997). The State Defendants are being sued in their official capacities and are therefore effectively their Departments, for purposes of 1983 and cannot be sued.

"A Plaintiff can avoid that [11th Amendment] bar by naming a state official in a suit for prospective declaratory or injunctive relief to prevent a continuing violation of federal law. Cf. *Ex parte Young*, 209 U.S. 123, 157, 28 S. Ct. 441, 52 L. Ed. 714 (1908) (explaining that in bringing such an action, the 'officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party')." *Lara v. Comm'r Pa. State Police,* 91 F.4th 122, 139 n.25 (3d Cir. 2024). As explained

in *Ex parte Young*, "[i]n making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. 123, 157 (1908).

The current situation can be distinguished from *Ex parte Young*, because Attorney General Platkin and Commissioner LaTourette are not enforcing laws that are in violation of the federal constitution. In fact, the New Jersey Department of Law & Public Safety and the New Jersey DEP, led by Defendants Attorney General Platkin and Commissioner LaTourette respectively, are enforcing rights that are laid out in the Federal Constitution and further supplemented in state law. Specifically, the regulated business exception explained above allows these State agencies to conduct warrantless searches of regulated facilities. Given that Metropolitan is a regulated entity, as explained in Point I above, the facility falls under the exception to the Fourth Amendment, and a warrantless search of the regulated facility is therefore constitutional. Therefore, the plaintiff cannot avoid the 11th Amendment bar, and suit against Attorney General Platkin and Commissioner LaTourette in their official capacity is improper, and all claims against them must be dismissed.

# POINT III

## A) PLAINTIFFS CONSENTED TO THE INSPECTION OF THE METROPOLITAN FACILITY

The inspection conducted in 2021 is not subject to a Fourth Amendment analysis because the inspection was conducted with consent.[2] Plaintiffs contend that DEP conducted a warrantless search in immediately after, Plaintiffs admit in their amended complaint that they consented to the 2021 Plaintiffs go on to claim they only consented out of fear of further fines for denying entry, and therefore they consented under duress. CM/ECF #1 ¶67. Fourth Amendment rights, like other constitutional rights, may be waived, and one may consent to a search of his person or premises by officers who have not complied with the Amendment. *Amos v. United States*, 255 U.S. 313 (1921); *Zap v. United States*, 328 U.S. 624 (1946); *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). The Court, however, has insisted that the burden is on the prosecution to prove the voluntariness of the consent. *Bumper v. North Carolina*, 391 U.S. 543 (1968).

Plaintiffs were not under duress when they consented to the 2021 inspection. In 2021, DEP inspectors simply appeared at the premises, for the first time in years, to inspect, and simply showed their badges and advised of their statutory right to inspect. There was no coercion or duress. Further, as stated above, administrative

---

[2] Any claims associated with the 2021 inspection by DEP should also be barred as beyond the applicable two-year statute of limitations.

searches are an exception to the warrant requirement. DEP has statutory authority to administratively search a regulated facility and therefore does not need consent.

### B) PLAINTIFFS' CLAIMS ARE NOT SUFFICIENTLY PLED AS TO DEFENDANT MADAN AND THE FEDERAL COURT CANNOT GRANT THE RELIEF THEY ARE SEEKING.

Defendants maintain that Peter Madan was not a State actor in March 2024. Since Madan was a private citizen at the time of the 2024 allegations, the Constitutional claims asserted against him cannot attach and must be dismissed.

While Defendants do not disagree that, at this juncture, the Plaintiffs are entitled to all reasonable inferences in their favor, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Courts are not required to accept a complaint's allegations as true if those allegations are threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements. *Twombly* 550 U.S. at 555.

Here, Plaintiffs allege that Mr. Madan was employed by the Department in March 2024. Plaintiffs further claim that the March 2024 alleged incident was captured on their security camera, and that they believe the video shows Mr. Madan climbing into a dumpster. Plaintiffs are attempting to use this alleged fact as a means of avoiding the two-year statute of limitations that clearly prevents them from bringing suit against the Defendants. However, Mr. Madan was not employed by the

Department in March 2024, and had not been employed by the DEP since May 1, 2023. See, Madan Certification attached as Exhibit A. Because Plaintiffs' conclusory statement was designed to place this matter within the statute of limitations, it is not entitled to the assumption of truth. As previously argued, Mr. Madan was not a State actor in March of 2024, and therefore, could not have violated Plaintiff's Fourth Amendment Rights. Furthermore, Plaintiffs baselessly assert that if it was not Mr. Madan, it was another employee of the DEP. See, Supplemental Certification of Jeffrey Meyer, attached as Exhibit B; Certification of Don Hirsch attached as Exhibit C and Certification of Robert Gomez attached as Exhibit D. This is not a "well-pleaded factual allegation" and thus the court should not assume its veracity. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

      Plaintiffs further attempt to argue that if Mr. Madan is considered a private actor, that he was trespassing. Trespass was not alleged in this complaint and trespass is not a claim upon which the Federal Court can grant relief at this juncture. Therefore, this claim should fail and this complaint should be dismissed.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) be granted and all claims against the Defendants be dismissed with prejudice.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: _____
Paige A. Hensor
Deputy Attorney General

Dated:       July 31, 2025