

**State of New Jersey**
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 0
TRENTON, NJ 08625-00

MIKIE SHERRILL
*Governor*

DR. DALE G. CALDWELL
*Lt. Governor*

JENNIFER DAVENPORT
*Acting Attorney General*

MICHAEL C. WALTERS
*Director*

February 12, 2026

[Electronically Filed via CM/ECF]
Hon. Claire C. Cecchi, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

  Re: Metropolitan Woodworking, Inc. v. Shawn LaTourette
    Civil Action No. 24-07483
    Mediation Order

Dear Judge Cecchi:

  This office represents defendants Ed Potosnak in his capacity as Acting Commissioner of the New Jersey Department of Environmental Protection and Jennifer Davenport in her capacity as Acting Attorney General of the State of New Jersey (collectively "Defendants")[1] in the above-referenced matter. On January 29, 2026, your Honor referred the parties to mediation and administratively terminated Defendants' pending motion to dismiss (ECF No. 27), without prejudice, pending the result of mediation. See CM/ECF #38.

  Defendants respectfully contend that this matter is not appropriate for mediation for three reasons that will be explained further below, and request that the previously filed motion to dismiss be heard by the Court. First, all of Metropolitan Woodworking, Inc's ("Metropolitan") claims are plainly time barred. Second, Defendants cannot concede that the New Jersey Department of Environmental Protection ("Department") has anything less than a statutory right to inspect Metropolitan and other facilities like it without a warrant. Third, as a matter of policy, the Department cannot create a carveout in its statutory inspection scheme for Metropolitan because access is critical to the Department's enforcement obligations.

  1. Statute of Limitations

  Metropolitan's complaints are plainly time-barred. As Defendants argued in the motion to dismiss, all of the alleged incidents occurred outside of the two-year statute of limitation. There is not a position

---

[1] On January 20, 2026, Governor Mikie Sherrill was inaugurated and appointed Acting Commissioner Potosnak and Acting Attorney General Davenport to replace Commissioner Shawn LaTourette and Attorney General Matthew J. Platkin, who were the named defendants in this case, respectively.

where Defendants and Metropolitan would be able to meet in the middle through mediation. This issue is binary; either Defendants are right, and Metropolitan's complaint is barred by the statute of limitations, or Defendants are wrong, and Metropolitan's complaint is not time barred. For Defendants to modulate their position on this point would serve to fully undercut their motion to dismiss.

2. Statutory Scheme

As discussed in Defendants' motion to dismiss (CM/ECF #27) and reply brief (CM/ECF #37), the Department has a statutory right to inspect regulated facilities unannounced and without a warrant. This right is enshrined in numerous environmental statutes and within Departmental regulations. Most importantly, the Department's enabling act provides that it shall "have the power to . . . [e]nter and inspect any property, facility, building, premises, site or place . . . for otherwise ascertaining compliance or noncompliance with any laws, permits, orders, codes, rules and regulations of the department." N.J.S.A. 13:1D-9(d). Furthermore, the Air Pollution Control Act states that "[n]o person shall obstruct, hinder or delay . . . or refuse to permit [Departmental] personnel to perform their duties by refusing them, upon proper identification or presentation of a written order of the department, entrance to any premises at reasonable hours." N.J.S.A. 26:2C-9.1. To concede that the Department does not have such a right, or that such a right was more limited than what is outlined in law, would be to admit that these statutes are unconstitutional. The Department cannot negotiate against or compromise these statutory provisions in mediation.

3. Policy

The ability for the Department to inspect properties that are suspected to be out of compliance with the State's environmental laws and regulations is critical to its enforcement scheme. As a matter of public policy, and to protect public health and the environment, the Department needs to be able to inspect Metropolitan, and other facilities like it, without a warrant. This is a position which Defendants cannot compromise in mediation. To do so would go against Departmental policy and weaken the ability of the Department to get access to, and inspect, potential violators moving forward. Furthermore, allowing a carveout in the Department's statutory inspection scheme for Metropolitan could risk creating unfavorable precedent moving forward, further weakening the Department's policies and undercut its obligation to protect people of the State and its environment.

In short, Defendants believe that the key issues in this matter are not appropriate for mediation. As such, Defendants respectfully request that the matter be removed from Court-ordered mediation and the Defendants' motion to dismiss be reinstated.

Respectfully Submitted,

Jennifer Davenport
ACTING ATTORNEY GENERAL OF NEW JERSEY
By: /s/ Paige A. Hensor
Paige A. Hensor
Deputy Attorney General